Roberto Quiroz **CASTILLO**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–91–381–CR.

Court of Appeals of Texas,
Corpus Christi.

July 29, 1993.

Opinion Denying En Banc Rehearing
Oct. 7, 1993.

Norman E. McInnis, McAllen, for appellant.

Rene Guerra, Dist. Atty., Theodore C. Hake, Asst. Dist. Atty., Edinburg, for appellee.

Before NYE, C.J., and FEDERICO G. HINOJOSA, Jr. and GILBERTO HINOJOSA, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

Appellant pleaded not guilty to the offense of aggravated robbery. A jury found him guilty of the lesser included offense of robbery, found the enhancement allegations to be true, and assessed punishment at twenty-five years' confinement. By four points of error, appellant complains that the trial court allowed evidence of an extraneous offense, overruled his motion for mistrial after the State questioned him about plea bargaining, allowed testimony concerning the victim's financial condition, and overruled appellant's objection to the State's closing argument. We reverse and remand for a new trial.

Appellant does not challenge the sufficiency of the evidence to support his conviction. Therefore, only a brief recitation of the facts is necessary. Appellant approached the deaf and partially paralyzed victim in McAllen, Texas about 7:00 p.m. on November 13, 1990, scared him, and took his watch. The victim attempted to chase appellant, but because of his physical condition he could not catch appellant. The victim then flagged down a passing police officer and took approximately twenty minutes to explain to the officer what had happened. The victim and officer searched the area for appellant, and when they could not find him, the officer returned the victim to his hotel and left to complete a report.

The officer was called back to the scene to take reports from other persons, as appellant

had offered to sell the watch to a friend of the victim for $7.00. At the same time that the officer was interviewing these other persons, appellant was in a neighboring bar where he attacked and robbed a patron of a gold chain. Appellant left the bar, the victim saw him and pointed him out to the officer, who gave chase and caught him. The officer found the watch and chain where appellant threw them.

Appellant was indicted for aggravated robbery. The indictment alleged that appellant used a deadly weapon, a firearm, in the commission of the offense. At trial, appellant took the stand in his defense, admitted to taking the watch, but he denied using a firearm. The jury, charged with aggravated robbery, robbery, and theft, found appellant guilty of robbery.

By his first point of error, appellant complains that the trial court erred by admitting evidence of the robbery of the bar patron. Appellant objected on grounds that extraneous offense evidence is not admissible under TEX.R.CRIM.EVID. 404(b) and further objected that the prejudicial effect of the evidence outweighed the probative value. Appellant has preserved both claims for review.

■ Evidence of extraneous offenses is not admissible to prove the character of the person in order to show that he acted in conformity therewith. *Montgomery v. State*, 810 S.W.2d 372, 386 (Tex.Crim.App.1990) (opinion on rehearing); TEX.R.CRIM.EVID. 404(b). Extraneous offenses may be admissible if they have relevance apart from their tendency to prove the character of the accused. *Montgomery*, 810 S.W.2d at 387. The evidence may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. TEX. R.CRIM.EVID. 404(b). A party may introduce prior acts where they logically serve to make more or less probable 1) an elemental fact or 2) an evidentiary fact which inferentially supports or challenges an elemental fact. *Montgomery v. State*, 810 S.W.2d 372, 387 (Tex. Crim.App.1990) (opinion on rehearing). Extraneous offense evidence is admissible to rebut a defensive theory. *Crank v. State*, 761 S.W.2d 328, 341 (Tex.Crim.App.1988),

*cert. denied*, 493 U.S. 874, 110 S.Ct. 209, 107 L.Ed.2d 162 (1989).

■ The elements of robbery are 1) intent to obtain or maintain control of property, 2) intentionally, knowingly, or recklessly causing bodily injury to another, or intentionally or knowingly threatening or placing another in fear of imminent bodily injury or death, 3) while in the course of committing theft. TEX.PENAL CODE ANN. § 29.02 (Vernon 1989). The offense is aggravated if the actor causes serious bodily injury, uses or exhibits a deadly weapon, or robs a person who is disabled or over 65 years old. TEX.PENAL CODE ANN. § 29.03 (Vernon 1989). One element of any theft offense is the actor's intent to deprive the victim of property. TEX.PENAL CODE ANN. § 31.03(a) (Vernon 1989).

■ Extraneous theft offenses are relevant to show the actor's intent to deprive another of property. *Cantrell v. State*, 731 S.W.2d 84, 90 (Tex.Crim.App.1987). Since intent is a material element of robbery, the State is permitted to introduce evidence of extraneous offenses under Rule 404(b). The State offered the evidence for appellant's intent, identity, and knowledge, and to explain appellant's "motive not to have the gun" because he just exited a place where firearms are prohibited.

■ Once the trial court has determined that the evidence may be admitted under Rule 404(b), the opponent of the evidence must object to its probative value being substantially outweighed by the danger of unfair prejudice. *Montgomery*, 810 S.W.2d at 389; TEX.R.CRIM.EVID. 403. Rule 403 has overruled prior case law which required a trial judge to determine that the evidence was relevant to a material issue and that its probative value outweighed its prejudicial effect. Rule 403 favors the admission of relevant evidence unless its probative value is substantially outweighed by the danger of unfair prejudice. *Montgomery*, 810 S.W.2d at 389. Neither party bears any burden under Rule 403; rather, the trial court has a duty to perform the balancing test. *Id.* The trial court has no discretion not to perform the balancing process. *Id.* Appellate courts should declare the trial court erred when

relevant criteria, viewed as objectively as possible, lead to the conclusion that the danger of unfair prejudice substantially outweighed the probative value of the evidence. *Id.* at 392. Relevant criteria include the evidence's relevance and the State's need for it. *Id.*

██ That the State's need for the evidence is a relevant criteria under Rule 403 is emphasized by earlier cases in which extraneous offenses were held inadmissible even though relevant to a material element when that element could be readily inferred from other uncontested direct evidence. *See, e.g., Cantrell v. State,* 731 S.W.2d 84, 89 (Tex. Crim.App.1987); *Baldonado v. State,* 745 S.W.2d 491, 496 (Tex.App.—Corpus Christi 1985, pet. ref'd). In the present case, the State did not need the evidence to prove appellant's identity, knowledge, or intent to deprive the victim of the property. The arresting officer identified appellant in open court as the man he arrested and as the person who had discarded the watch while fleeing. The victim identified appellant as the man who held the gun while another man took his watch. A second witness identified appellant as the man who approached him and who offered to sell the watch for $7.00. Any trier of fact could readily infer intent to deprive from the taking and the attempted sale of the watch. The State's final rationale for admitting the evidence, that it showed appellant's "motive not to have the gun," only justifies admitting evidence that appellant was in a bar and does not justify admitting evidence that he committed a felony while in the bar. Under these facts, we find that admission of the extraneous offense was error.

██ We reverse a criminal case when we find error in the proceedings, unless we determine beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment. Tex.R.App.P. 81(b)(2). To determine whether the error was harmful, we focus on the integrity of the process leading to the conviction rather than on the propriety of the outcome of the trial. *Harris v. State,* 790 S.W.2d 568, 587 (Tex.Crim.App. 1989). We examine the error's source and nature, whether the State emphasized it, its

collateral implications, how much weight a juror probably would have placed upon it, and whether a finding of harmlessness will encourage the State to repeat the error with impunity. *Id.* Briefly stated, the question we must answer is whether the error might possibly have prejudiced the jurors' process of deciding the case. *Id.* at 587–88.

██ Appellant admitted theft in opening argument, but he denied committing robbery. The victim testified that appellant took the watch at gunpoint, and the victim's friend testified that he saw a bulge in appellant's pants that could have been a gun. The victim testified that he had been scared, thinking appellant was going to kill him. The State offered no other evidence tending to establish the element of intentionally or knowingly placing another in fear of bodily injury or death. Such evidence would support a verdict of guilt on aggravated robbery, but the jury found appellant guilty only of robbery. We could theorize about possibilities of compromise verdicts or jury findings regarding the gun, but we cannot ignore the fact that the jury did not convict appellant of aggravated robbery even though the State produced evidence of the use of a deadly weapon. Furthermore, there was no evidence that appellant caused bodily injury to the victim. We cannot conclude beyond a reasonable doubt that evidence of a subsequent robbery did not contribute to appellant's conviction for robbery rather than theft. We sustain appellant's first point of error.

By his second point of error, appellant complains that the trial court erred by overruling his motion for mistrial after the State questioned him about plea bargaining in this case.

██ Any statements made in the course of plea discussions with an attorney for the prosecuting authority which do not result in a plea of guilty or a plea of nolo contendere are not admissible. Tex.R.Crim.Evid. 410(3). An improper question or testimony is cured by an instruction to disregard except when the question or testimony is clearly calculated to inflame the minds of the jury and is of such a character to suggest the impossibility

of withdrawing the impression produced on the jurors' minds. *Huffman v. State,* 746 S.W.2d 212, 218 (Tex.Crim.App.1988).

■ In this case, the trial court properly instructed the jury to disregard the prosecutor's question concerning plea bargaining in the instant case. We cannot find the question as being of such a character that its impression could not be withdrawn by such an instruction when appellant had previously testified and admitted to committing theft. We overrule appellant's second point of error.

■ By his third point of error, appellant complains that the trial court erred by admitting punishment testimony of the victim's financial condition. This point is not preserved for review. To preserve error concerning the admission of evidence a defendant must comply with TEX.R.CRIM.EVID. 103(a)(1) and TEX.R.APP.P. 52.

> [T]hese rules state that if, on appeal, a defendant claims the trial judge erred in admitting evidence offered by the State, this error must have been preserved by a proper objection and a ruling on that objection. The objection must be timely; that is, the defense must have objected to the evidence, if possible, before it was actually admitted. If this was not possible, the defense must have objected as soon as the objectionable nature of the evidence became apparent and must have moved to strike the evidence, that is, to have it removed from the body of evidence the jury is allowed to consider. The defense must have stated specifically the basis for the objection unless the particular ground was apparent from the context. The trial judge must have overruled the objection. If the judge refuses to rule on the objection, an objection to this refusal to rule is sufficient to preserve error in the admission of the evidence. When the court, out of the jury's presence, hears and overrules objections to evidence, those objections need not again be made before the jury when the evidence is actually presented to the jury. Error cannot be predicated upon a trial judge's ruling that admits or excludes evidence unless "a substantial right of the party is affected."

*Ethington v. State,* 819 S.W.2d 854, 858 (Tex. Crim.App.1991).

In this case, the following exchange occurred:

> Prosecutor: Do you have a lot of money to go out and buy watches, Mr. Martin?
>
> Victim: No, sir.
>
> Prosecutor: How much money do you have in your bank account right now, if any?
>
> Defense Counsel: Judge, ——
>
> Court: All right. Make your objection.
>
> Defense Counsel: I withdraw it.
>
> Court: All right.
>
> Victim: None.
>
> Prosecutor: How much again?
>
> Victim: None.
>
> Prosecutor: Okay. And were you able to pay for the clothes that you're wearing?
>
> Defense Counsel: Judge, this is—this is designed to play on the sympathy—
>
> Court: All right. The objection is good.
>
> Defense Counsel: —of the jurors.
>
> Prosecutor: Your Honor, may I approach the bench briefly on this issue?
>
> Court: Yes, sir.
>
> [Hearing at the bench not reported.]
>
> Court: All right. The objection will be overruled.

Appellant offered no further objection to questions about the victim's clothes or circumstances arising after the crime.

Appellant initially objected to this line of inquiry and then withdrew the objection, allowing the witness to testify that he had no money in the bank. Error in allowing the witness to elaborate with testimony that a friend purchased his clothes is harmless error, if any. We overrule appellant's third point of error.

By his fourth point of error, appellant complains that the trial court erred by overruling appellant's objection to the prosecutor's argument that the community relied on the jury to assess a strict punishment.

■ A prosecutor may properly argue 1) summation of the evidence, 2) reasonable deductions from the evidence, 3) answers to

arguments of opposing counsel, and 4) pleas for law enforcement. *Whiting v. State,* 797 S.W.2d 45, 48 (Tex.Crim.App.1990). The State may not argue that the community demands a guilty verdict or a particular punishment. *Cortez v. State,* 683 S.W.2d 419, 420 (Tex.Crim.App.1984). The State may argue the impact that the jury's verdict will likely have on the community or the relationship between the verdict and deterrence of crime in general. *Borjan v. State,* 787 S.W.2d 53, 55–56 (Tex.Crim.App.1990).

■ Appellant complains about the following argument made by the prosecutor:

Now when someone violates that law we come into court and by our verdicts in court we're not only acting in this case but we're saying in our society, look—because you're not just protecting yourself. You're protecting all those other members of Hidalgo County who aren't here for you. You're protecting those people that live in that neighborhood where Joseph Martin was who are going to come back and what if you don't give any kind of verdict of a serious punishment in this case? Those people haven't been protected. Those people are completely out in the cold and yet they're relying on you to protect them. You are all they have to protect them at this point.

This argument is a permissible plea for law enforcement. We overrule appellant's fourth point of error.

We REVERSE the judgment of the trial court and REMAND the case to the trial court for a new trial.

NYE, C.J., not participating.

## OPINION ON MOTION FOR *EN BANC* REHEARING

The State moves this Court for *en banc* rehearing of our opinion, *Castillo v. State,* No. 13–91–381–CR (Tex.App.—Corpus Christi July 29, 1993). We deny the motion for rehearing and write only to respond to the arguments made by the State in the motion.

On motion for rehearing, the State contends that this Court erred by misapplying the standards for reviewing a trial court's decision to admit evidence over a Rule 403 objection and by focusing on the outcome of the trial when applying the harmless error test.

The State concedes that this Court correctly stated the principles governing our review of the trial court's decision to admit extraneous offense evidence over an objection that the danger of prejudice substantially outweighs the probative value, and it agrees that the controlling case is *Montgomery v. State,* 810 S.W.2d 372, 386–393 (Tex. Crim.App.1990) (opinion on rehearing). As we noted in our original opinion, the evidence of robbery of the bar patron was admissible to show intent. The State also argues that the evidence was admissible to show identity. The State then excepts to our analysis under Rule 403, contending that we neither gave appropriate deference to the trial court nor considered the curative effects of limiting instructions.

■ The State is correct that we review a trial court's decision to admit evidence for abuse of discretion. However, that review still requires that we examine the evidence, its purposes, and its effects to determine whether it should have been admitted.

[R]eviewing the trial court's judgment for abuse of discretion [by admitting evidence over a Rule 403 objection] requires more of an appellate court than deciding that the trial judge did in fact conduct the required balancing and did not simply rule arbitrarily or capriciously. The appellate court must measure the trial court's ruling against the relevant criteria by which a Rule 403 decision is to be made.

\* \* \* \* \* \*

[W]here relevant criteria, viewed as objectively as possible, lead to the conclusion that the danger of unfair prejudice substantially outweighed the probative value of the proffered evidence, the appellate court should declare that the trial court erred in failing to exclude it. Relevant criteria gleaned from the authorities include, *inter alia,* that the ultimate issue was not seriously contested by the opponent; that the State had other convincing evidence to establish the ultimate issue to which the extraneous misconduct was rele-

vant; that the probative value of the misconduct evidence was not, either alone or in combination with other evidence, particularly compelling; that the misconduct was of such a nature that a jury instruction to disregard it for any but its proffered purpose would not likely have been efficacious. Accordingly, when the record reveals one or more such relevant criteria reasonably conducing to a risk that the probative value of the evidence is substantially outweighed by unfair prejudice, then an appellate court should conclude that the trial court acted irrationally in failing to exclude it, and thus abused its discretion. The trial court has no "right" to be "wrong" if that means to admit evidence which appears to the appellate court, affording all due defence to the trial court's decision, nevertheless to be substantially more prejudicial than probative.

*Montgomery*, 810 S.W.2d at 392–93.

Neither intent to deprive nor identity were seriously contested in this case. In fact, appellant admitted to theft in opening argument. Furthermore, the facts of intent to deprive and identity were shown by direct evidence or readily inferred from the testimony of witnesses to the theft and attempted sale of the watch. We held that the evidence should have been excluded under Rule 403 for being relevant only to issues readily inferred from other facts. The State argues that we examined only the probative value prong and ignored the prejudicial effect prong and that we did not consider curative effect of the trial court's limiting instructions.

■ The Court of Criminal Appeals holds that the likelihood that a limiting instruction would not be efficacious to prevent evidence from prejudicing the jury is a factor militating for excluding relevant evidence. *Montgomery*, 810 S.W.2d at 393. The State argues that a limiting instruction will cure error caused by admitting evidence of probative value so slight that it is substantially outweighed by its prejudicial effect. We do not agree with the State's position.

■ Rule 403 assumes that a piece of evidence may be both relevant and prejudicial. Being relevant, the evidence is admissible, subject to the rules of evidence. Tex. R.Crim.Evid. 402. Nevertheless, occasionally, Rule 403 envisions excluding relevant evidence on the grounds that its probative value is too slight to justify the risk that a jury may emotionally respond to the evidence. If the State is correct, and limiting instructions can *completely* purge the risk that a jury might improperly consider evidence beyond its limits, then Rule 403 is completely useless and should be removed from Article IV of the Rules of Criminal Evidence.

If the State is correct, Rule 402, which states that irrelevant evidence is inadmissible, would encompass *all* complaints regarding relevance and prejudice. In such a case, evidence would be offered, objected to on relevancy grounds, and found relevant to show 'X.' The party resisting the evidence would then request an instruction limiting consideration of the evidence only to the issue of 'X.' *See* Tex.R.Crim.Evid. 105.

■ The Code Construction Act applies to rules promulgated under a statutory grant of authority. Tex.Gov.Code Ann. § 311.002(4) (Vernon 1988). The Court of Criminal Appeals promulgates evidentiary rules under statutory authority. Tex.Gov.Code Ann. § 22.109 (Vernon 1988). This Court has previously applied the provisions of the Code Construction Act to the Rules of Criminal Evidence. *See, e.g., McVickers v. State*, 838 S.W.2d 651, 655 (Tex.App.—Corpus Christi 1992), aff'd, No. 1453–92, 1993 WL 491538 (Tex.Crim.App. December 1, 1993) (not yet reported). We presume that the entire statute or rule is intended to be effective. Tex. Gov.Code Ann. § 311.021(2) (Vernon 1988). Our interpretation of Rule 403 should not render its provision a nullity.

■ The State's argument that a limiting instruction suffices to tip the prejudicial effect/probative value balance in favor of admission might be ·well taken in a case in which we find the evidence probative to some issue which is in dispute at trial. However, if the evidence is admissible only for showing things not in dispute (e.g. identity and intent to commit theft), Rule 403 should dictate the evidence be excluded no matter what limiting instructions the court might attach. *See Montgomery*, 810 S.W.2d at 392–93. In this case, the trial court abused its discretion by admitting extraneous offense evidence that

was relevant only to issues that were not seriously contested and that were proved by direct evidence or were readily inferred from other available evidence.

■ The State also argues that we impermissibly focused on the outcome of the trial when we conducted a harm analysis. We admit that our harm analysis was brief, perhaps to the point that we omitted steps in our analysis. However, under the appropriate standard of analysis, a reviewing court must examine the verdict and the punishment when performing harm analysis.

When we perform a harmless error analysis, we must

> first, isolate the error and all its effects, using the considerations set out above and any other considerations suggested by the facts of the case; and second, *ask whether a rational trier of fact might have reached a different result* if the error and its effects had not resulted.

*Harris v. State,* 790 S.W.2d 568, 588 (Tex. Crim.App.1989) (emphasis added). *Harris* does not forbid this Court from examining the verdict to determine whether error harmed the appellant; rather, we are commanded to look to the verdict. *Harris* addressed the evils which could have resulted from appellate courts examining error under standards appropriate for sufficiency review, *i.e.,* the practice of finding the properly admitted evidence sufficient to support a conviction and ruling the improperly admitted evidence harmless. Such practice would have encouraged the State to ignore the rules of evidence entirely. *See id.* at 587.

Appellant was indicted for aggravated robbery, and the court charged the jury under aggravated robbery, robbery, and theft. Appellant admitted theft. The State produced the victim's testimony that appellant had a gun. The State produced no other evidence that appellant committed any bodily injury or threatened any bodily injury to the victim. The jury acquitted appellant of aggravated robbery but convicted appellant of robbery. Had the jury chosen to believe the State's witness that appellant threatened the victim with a gun, it could have convicted appellant of aggravated robbery. Since the jury obviously chose to disbelieve the State's evidence

that appellant had a gun, then it disbelieved the only competent evidence that appellant threatened bodily injury to the victim. Thus, we concluded that we could not state beyond a reasonable doubt that the jury was not prejudiced by evidence of a separate robbery which included committing bodily injury.

■ That we did not explicate the likely prejudicial effect of evidence of an independent felony is perhaps unfortunate, but neither is that omission fatal to our analysis, nor should our implied reasoning be secret. Persons are not tried as criminals generally; they are tried for individual offenses. The rules of evidence, as they address relevance and prejudice issues, cascade from allowing relevant evidence (Rule 402), to excluding evidence that is particularly prejudicial but somewhat relevant (Rule 403), to forbidding the use of extraneous offenses to prove character conformity (Rule 404(a)). As the rules contemplate, and our discussion of the admission of extraneous offense evidence under Rule 403 shows, extraneous offense evidence is inherently prejudicial. When a trial court admits such evidence over objection for no good purpose, a reviewing court is loath to blind itself to that prejudicial effect and find the error harmless.

We DENY the State's motion for *en banc* rehearing.