James Thomas MORTON, Appellant,

v.

The STATE of Texas, Appellee.

Appeal No. 04–96–00367–CR.

Court of Appeals of Texas,
San Antonio.

Nov. 13, 1996.

Lawrence A. Beauchamp, San Antonio, for Appellant.

Barbara Hervey, Assistant Criminal District Attorney, San Antonio, for Appellee.

Before CHAPA, C.J., and STONE and GREEN, JJ.

## OPINION

CHAPA, Chief Justice.

### INTRODUCTION

This is an appeal from a conviction of making a false statement on a license application in violation of the Texas Racing Act. Pursuant to a plea bargain agreement, appellant plead nolo contendere and was found guilty as charged in the indictment. Punishment was assessed at nine years confinement and a $500 fine, which was in accordance with the plea agreement. In six points of error, appellant complains that the trial court erred 1) in denying his plea to the jurisdiction, and 2) in denying his motion to quash the indictment. We affirm.

### FACTUAL BACKGROUND

In order to obtain a job hauling bedding material at Retama Park, a Class 1 horse racing track in Bexar County, appellant was required to obtain an occupational license issued by the Texas Racing Commission. Appellant completed the "Occupational License Application" form on April 18, 1995. The completed form was then witnessed by a representative of the Commission. The clause immediately preceding the signatures states, in relevant part, that the applicant is aware that "... under penalties of perjury [he] declare[s] the foregoing information to be true and correct." Additionally, the following statement is on the front of the application in bold and capital type: "Providing false information on this application or omit-ting information may result in criminal prosecution."

Question four of "Part 2" of the application inquires whether the applicant has been convicted of any felonies or misdemeanors, excluding minor traffic offenses. In response to this question, appellant answered "Yes." Because appellant answered yes to question 4, he was instructed to "... provide all pertinent and explanatory details ..., including the approximate date, ... [location,] ... type of offense or infraction, sentence, [and] fine amount, ...."

Appellant indicated that he had been convicted of driving while intoxicated in 1991 and was sentenced to serve one year of probation. However, he failed to make note of his other criminal convictions. In fact, a background check revealed that appellant had at least two felony convictions that he had omitted from the application. Specifically, appellant was convicted of possession of a prohibited weapon in April of 1988 and forgery by passing in February 1992. Because of these omissions from the application, appellant was indicted under section 14.06 of the Texas Racing Act. Section 14.06 prohibits the making of a material statement that is false, incorrect, or deceptive to a person who is conducting an investigation or exercising discretion under the Texas Racing Act. TEX. REV.CIV. STAT. ANN., art. 179e, § 14.06 (Vernon Supp.1996).

Prior to trial, appellant filed three written motions: 1) a motion to suppress evidence, 2) a motion to quash the indictment, and 3) a plea to the jurisdiction. The trial court did not rule on the motion to suppress; however, the other two motions were individually referred to a magistrate and each was denied. Appellant subsequently agreed to a plea bargain, whereby he stipulated to the facts in the indictment, plead nolo contendere to the charged offense, and true to a repeater enhancement, in exchange for a recommendation of nine years confinement and $1,000 fine. The trial court found appellant guilty as charged and sentenced him to nine years confinement and a $500 fine.

## ARGUMENTS ON APPEAL

■ In points of error one and two, appellant argues that the trial court erred in denying his motion to quash the indictment because the evidence was both legally and factually insufficient to support the charge in the indictment. We are unable to reach the merits of this argument.

■ Tex.R.App. P. 40(b)(1) limits the issues that may be considered by the court in appeals following agreed pleas of guilty or nolo contendere. Rule 40(b)(1) provides, in relevant part:

> [I]f the judgment was rendered upon his plea of guilty or nolo contendere ... and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to the entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.

Tex.R.App. P. 40(b)(1). Accordingly, a defendant's general notice of appeal confers no jurisdiction on a court of appeals to address nonjurisdictional defects or errors that have not been ruled on prior to trial or that the trial court has not granted permission to appeal. *See Davis v. State*, 870 S.W.2d 43, 46 (Tex.Crim.App.1994).

Appellant's notice of appeal does not state that the trial court granted permission to appeal. However, the notice specifically refers to two written motions which were filed and ruled on prior to trial, a motion to quash the indictment and a plea to the jurisdiction. There-fore, in regard to nonjurisdictional issues, appellant has perfected his appeal only to the matters which were raised in those motions. Neither of appellant's pre-trial motions raised the issue of insufficient evidence

to support the indictment. Therefore, pursuant to Rule 40(b)(1), this court lacks jurisdiction to consider appellant's sufficiency complaints. Accordingly, points of error one and two are overruled.

■ In his third and sixth points of error, appellant argues that the trial court erred in failing to grant his motion to quash the indictment and his plea to the jurisdiction because he committed no penal offense.[1] Appellant contends that his failure to comply with section 14.06 is not a criminal offense. His argument is based on the fact that section 14.06 is codified in the Texas Revised Civil Statutes, as opposed to the penal code, and also on the fact that, in section 14.06, the word "penal" does not modify the word "offense."

As to appellant's argument regarding the location of section 14.06, section 1.03 of the Texas Penal Code provides that any conduct which is defined in *a* statute as an offense constitutes an offense under the meaning of the penal code. Tex. Penal Code Ann., § 1.03 (Vernon 1994) (emphasis added). There is no requirement that a penal offense be codified within the penal code. Therefore, the fact that the statute is codified somewhere other than the Texas Penal Code is not a dispositive indication of whether the statute may be prosecuted as a criminal offense.

■ We next address appellant's contention that the lack of the modifier "penal" before the word "offense" in section 14.06 prohibits criminal prosecution for violation of the statute.[2] Section 14.06 reads, in pertinent part, as follows:

> (a) A person commits an offense if the person intentionally, knowingly, recklessly, or with criminal negligence makes a material and false, incorrect, or deceptive statement to another who is conducting an in-

---

1. It should be noted that point of error three, a nonjurisdictional issue, is properly before this court, having been raised in a written motion and ruled on before trial in the proceeding below. *See* Tex.R.App. P. 40(b)(1). Point of error six is a jurisdictional issue. As such it is also properly before this court pursuant to Rule 40(b)(1).

2. We again note Tex. Penal Code Ann. § 1.03, which provides that any conduct defined as an offense in a statute constitutes an offense under the penal code. Section 1.03 of the Texas Penal Code also lacks the modifier "penal" before the word "offense." However, there is no doubt that section 1.03 contemplates a criminal offense in referring to "an offense."

vestigation or exercising discretion under this Act or a rule adopted under this Act. TEX.REV.CIV. STAT. ANN., art. 179e, § 14.06 (Vernon Supp.1996). Under sub-article 15 of this act, entitled "General Penalty Provisions," section 15.03 gives the Racing Commission the authority to impose upon a person regulated under this act an administrative penalty for a violation of either the act or a rule or order adopted under the act. TEX.REV.CIV. STAT. ANN., art. 179e, § 15.03 (Vernon Supp.1996). Therefore, appellant contends that because section 14.06 is codified in the Texas Revised Civil Statutes and because there is no mention of a "penal offense" or a penalty for a violation within the text of section 14.06, a violation under this section is only subject to the administrative penalties enumerated in section 15.03. We find this argument unpersuasive.

Sub-article 15 also states that "[w]ith regard to any provision of this act that is a penal offense, if no specific penalty is provided, a person who violates such a provision commits a felony of the third degree." TEX. REV.CIV. STAT. ANN., art. 179e, § 15.01 (Vernon Supp.1996). Therefore, notwithstanding the fact that section 14.06 is codified within the Texas Revised Civil Code, and that an administrative penalty *may* be assessed, the act explicitly allows criminal sanctions for a violation of those provisions which are deemed by the act to be "penal offenses." Thus, the issue becomes whether the lack of the word "penal" modifying the word "offense" in section 14.06 prevents criminal penalties from being assessed for a violation of this section.

█ In *Boykin v. State,* 818 S.W.2d 782 (Tex.Crim.App.1991), the Court of Criminal Appeals established a policy of statutory interpretation by focusing on the literal text of the statute to discern its fair meaning. Using established canons of construction, if the plain meaning of the statute is clear and unambiguous, we must give effect to that meaning. *Id.* at 785. In every section of sub-article 14, other than section 14.06, the

legislature explicitly prescribes the level of offense to be assigned to a violation of that particular section.[3] Therefore, section 14.06's lack of an explicitly defined level of offense may seem out of character for a section within sub-article 14. However, section 15.01 exists to supply the penalty of third degree felony to statutes where no specific penalty is prescribed. *See* TEX.REV. CIV. STAT. ANN., art. 179e, § 15.01 (Vernon Supp.1996). Based on similar wording in the other sections of sub-article 14, which unequivocally carry criminal penalties regardless of the lack of the word "penal," and on the presence of the "default" penalty supplied by section 15.01, this court finds no ambiguity in the statute. We hold that it is the clear intent of the legislature to make a violation of section 14.06 a "penal offense" to which section 15.01 supplies the penalty. Appellant's third and sixth points of error are overruled.

█ In his fourth point of error, appellant contends that section 14.06 is unconstitutionally vague. This argument is being raised for the first time on appeal, without the permission of the trial court as required by TEX.R.APP. P. 40(b)(1). Therefore, in order for this court to have jurisdiction to consider the merits of appellant's complaint, the error must be jurisdictional. Although a constitutional claim may be jurisdictional in a case involving a non-negotiated plea, a constitutional claim is not one of jurisdiction in cases involving a negotiated plea controlled by Rule 40(b)(1). *Compare Davis v. State,* 773 S.W.2d 404, 408 (Tex.App.—Fort Worth 1989), *rev'd on other grounds,* 870 S.W.2d 43 (Tex.Crim.App.1994)(holding that appellate court lacked jurisdiction to consider a claim of constitutional vagueness because it was a nonjurisdictional issue and was, therefore, controlled by Rule 40(b)(1)) *with Courtney v. State,* 904 S.W.2d 907, 910 (Tex.App.—Houston [1st Dist.] 1995, *pet. ref'd* )(holding that a constitutional claim is jurisdictional in appeals from non-negotiated guilty pleas, when it goes to the very power of the State to hold the defendant to answer the charge against

---

**3.** It should be noted that in each of these sections the word "offense," not "penal offense," is used to describe a violation.

him). Appellant, in this case, could have raised the constitutional issue in his motion to quash the indictment or in another pre-trial motion, but he did not. Appellant could have requested permission of the trial court to raise this issue on appeal, but, again, he did not. Therefore, we hold that appellant failed to preserve his right to raise this issue on appeal. *See* TEX.R.APP. P. 40(b)(1).

■ Furthermore, even if the issue had been preserved, we do not find section 14.06 vague. As discussed above, a statute is given constitutional clarity when standard rules of statutory construction are applied. *See Engelking v. State,* 750 S.W.2d 213, 215 (Tex. Crim.App.1988). Specifically, we find that section 14.06 is quite capable of giving a person of ordinary intelligence fair notice that the prescribed conduct is forbidden, and that section 14.06 will not encourage arbitrary and erratic arrests and convictions. *See id.* As such, appellant's fourth point of error is overruled.

■ In his fifth point of error, appellant contends that the trial court erred in denying his motion to quash the indictment because the indictment contained inherently prejudicial extraneous evidence. Appellant argues that in order for him to be convicted of the charge in the indictment, a jury must be told that he has been convicted of other felonies. He claims that the jury's knowledge of these other convictions will be inherently prejudicial to him. In support of this position, appellant relies on *Castillo v. State,* 865 S.W.2d 89 (Tex.App.—Corpus Christi 1993, no pet.), which states that extraneous offense evidence is inherently prejudicial. We find appellant's argument unpersuasive.

Appellant pled nolo contendere to the charges against him. No jury was ever empaneled in this case. As such, appellant could not have been prejudiced by the inclusion of "extraneous offenses" in the indictment. Rather, the "extraneous offenses" listed in the indictment were necessary to establish the offense charged. It is well settled that "an indictment must plead every element which must be proven at trial." *Dinkins v. State,* 894 S.W.2d 330, 338 (Tex. Crim.App.1995). Appellant's omission of these previous convictions on his application

form is a necessary element of the crime with which he was charged and must, therefore, be plead in the indictment. *See id.*; TEX. REV.CIV. STAT. ANN., art. 179e, § 14.06 (Vernon Supp.1996). As such, the mention of appellant's previous convictions in the indictment does not constitute extraneous offense evidence as contemplated by TEX.R.CRIM. EVID. 404(b). Appellant's fifth point of error is overruled.

The judgment of the trial court is affirmed.