NUMBERS 13-02-643-CR AND 13-02-644-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

ERNEST HEILEMAN,                                                         Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
___________________________________________________________________

On appeal from the 228th District Court
of Harris County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Garza
Opinion by Justice Rodriguez

         Appellant, Ernest Heileman, was charged by indictment with the felony offense
of aggravated sexual assault of a child and the felony offense of possession of child
pornography. See Tex. Pen. Code Ann. §§ 22.021, 43.26 (Vernon 2003). A jury
found appellant guilty on both charges and assessed a sentence of forty-five years for
aggravated sexual assault of a child and ten years for possession of child pornography,
to be served in the Institutional Division of the Texas Department of Criminal Justice. 
The trial court has certified that this case “is not a plea-bargain case, and the
defendant has the right of appeal.” See Tex. R. App. P. 25.2(a)(2). By one issue
appellant contends he was denied effective assistance of counsel at trial. We affirm.
I. FACTS
         As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court's
decision and the basic reasons for it. See Tex. R. App. P. 47.4.
II. INEFFECTIVE ASSISTANCE OF COUNSEL
         In his sole issue, appellant contends he was denied effective assistance of
counsel. Specifically, appellant argues that trial counsel was ineffective because he
failed to: (1) object to evidence offered at trial as being seized beyond the scope of
the search warrant; (2) object to extraneous offense evidence offered by the State;
and (3) offer mitigating evidence at the punishment phase of trial.
A. Standard of Review
         The United States Supreme Court and the Texas Court of Criminal Appeals have
promulgated a two-prong test to determine whether representation was so inadequate
that it violated a defendant’s sixth amendment right to counsel. See Strickland v.
Washington, 466 U.S. 668, 687 (1984); Hernandez v. State, 726 S.W.2d 53, 54-55
(Tex. Crim. App. 1986); Munoz v. State, 24 S.W.3d 427, 433 (Tex. App.–Corpus
Christi 2000, no pet.). To establish ineffective assistance of counsel, appellant must
show: (1) his attorney’s representation fell below an objective standard of
reasonableness; and (2) there is a reasonable probability that, but for his attorney’s
errors, the result of the proceeding would have been different. Strickland, 466 U.S.
at 687; Stone v. State, 17 S.W.3d 348, 349-50 (Tex. App.–Corpus Christi 2000, pet.
ref’d).
         Appellant bears the burden of proving ineffective assistance of counsel by a
preponderance of the evidence. See Munoz, 24 S.W.3d at 434; Stone, 17 S.W.3d at
350. An allegation of ineffective assistance of counsel will only be sustained if it is
firmly founded and the record affirmatively demonstrates counsel’s alleged
ineffectiveness. Guzman v. State, 923 S.W.2d 792, 797 (Tex. App.–Corpus Christi
1996, no pet.). There is a strong presumption that the counsel’s conduct falls within
the wide range of reasonable professional assistance. Jackson v. State, 877 S.W.2d
768, 771 (Tex. Crim. App. 1994). To rebut this presumption, the record must contain
evidence of counsel’s reasoning, or lack thereof. Id. In the absence of evidence of
counsel’s reasons for the challenged conduct, an appellate court will assume a
strategic motivation and will not conclude that the conduct was deficient unless the
conduct was so outrageous that no competent attorney would have engaged in it. 
Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001); Thompson v. State, 9
S.W.3d 808, 814 (Tex. Crim. App. 1999). 
         When the issue of ineffective assistance of counsel is first raised in a motion for
new trial, as in this case, we construe the issue on appeal as a challenge to the denial
of the motion. See Bates v. State, 88 S.W.3d 724, 727 (Tex. App.–Tyler 2002, pet.
ref’d). A trial court’s ruling denying a defendant’s motion for new trial is reviewed
under an abuse of discretion standard. Salazar v. State, 38 S.W.3d 141, 148 (Tex.
Crim. App. 2001). Therefore, we do not apply the Strickland standard in a de novo
fashion, but review the trial court’s application of Strickland through the prism of the
abuse of discretion standard. See State v. Kelley, 20 S.W.3d 147, 151 (Tex.
App.–Texarkana 2000, no pet.); Gill v. State, 967 S.W.2d 540, 542 (Tex.
App.–Austin 1998, pet. ref’d). When reviewing a trial court’s denial of a motion for
new trial, we do not substitute our judgment for that of the trial court, but instead
determine whether the trial court’s decision was outside the zone of reasonable
disagreement or was arbitrary or unreasonable. Salazar, 38 S.W.3d at 148. 
B. Analysis
1. Failure to Object to Evidence as Unlawfully Seized
         Appellant contends that counsel was ineffective for failing to object to the
admission of photographs recovered upon execution of the search warrant. 
Specifically appellant argues that the search of the ammunition box which contained
the photographs was outside the scope of the warrant as it was unreasonable to
conclude that the ammunition box would be used to conceal evidence of child
pornography. 
         A search is unreasonable and violates the protections of the fourth amendment
if it exceeds the scope of the authorizing warrant. Demoss v. State, 12 S.W.3d 553,
558 (Tex. App.–San Antonio 1999, pet. ref’d). While the scope of the search warrant
is governed by its terms, the search may be as extensive as is reasonably required to
locate items described in the warrant. Id. 
         Given the facts of this case, we find that a search of the ammunition box was
within the scope of the search warrant as it was reasonable to believe that the box
could contain photographs. See United States v. Ross, 456 U.S. 798, 823 (1982) (a
container that may conceal the object of a search authorized by warrant may be
opened immediately); United States v. Giwa, 831 F.2d 538, 543-44 (5th Cir. 1987)
(“any container situated within residential premises which is the subject of a validly-issued warrant may be searched if it is reasonable to believe that the container could
conceal items of the kind portrayed in the warrant”). Therefore, since the photographs
were admissible, the trial court could have reasonably determined that counsel was not
ineffective for failing to object. See Gosch v. State, 829 S.W.2d 775, 784 (Tex.
Crim. App. 1991). 
2. Failure to Object to Extraneous Offense Evidence
         Appellant also contends trial counsel was ineffective because he failed to object
to extraneous offense evidence presented during the guilt/innocence phase of trial.
         Evidence of an extraneous offense is not admissible to prove the character of
the person in order to show he acted in conformity with that offense. Tex. R. Evid.
404(b); Montgomery v. State, 810 S.W.2d 372, 386 (Tex. Crim. App. 1990); Castillo
v. State, 865 S.W.2d 89, 92 (Tex. App.–Corpus Christi 1993, no pet.). However, an
extraneous offense may be admissible for other purposes such as to show proof of
motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of
mistake or accident. Tex. R. Evid. 404(b); Castillo, 865 S.W.2d at 92. Moreover, an
extraneous offense may be relevant and admissible to rebut a defensive theory. Crank
v. State, 761 S.W.2d 328, 341 (Tex. Crim. App. 1988), overruled on other grounds,
Alford v. State, 866 S.W.2d 619, 624 n.8 (Tex. Crim. App. 1993); Castillo, 865
S.W.2d at 92. 
         A review of the record reveals that the evidence complained of was admissible. 
The extraneous offense evidence was offered by the State to show that appellant had
the opportunity to commit the charged offense and improper motives for inviting
children to his home. This evidence was offered to rebut defensive theories proffered
by appellant and for this reason was admissible. See Wheeler v. State, 67 S.W.3d
879, 886-88 (Tex. Crim. App. 2002) (holding evidence of prior sexual assault
admissible to rebut lack of opportunity defense). Therefore, the trial court could have
reasonably found that counsel’s failure to object did not constitute ineffective
assistance of counsel.3. Failure to Offer Mitigating Evidence
         Lastly, appellant argues that defense counsel’s assistance was ineffective during
the punishment phase of trial because counsel failed to have appellant evaluated by
a clinical psychologist and failed to call eight character witnesses despite their
availability and willingness to testify. Appellant argues that presenting this mitigating
evidence would have countered the prosecution’s argument and would have shown
the jury the depth of appellant’s support group in the community.
         A review of the record reveals that defense counsel did present mitigating
evidence at the punishment stage of trial. The State’s argument was rebutted by
testimony from appellant and three additional witnesses on appellant’s behalf. The
witnesses testified that appellant would be a good candidate for probation and that
they would provide the support he needed. The record is silent, however, as to the
reasons for counsel’s decision to call certain witnesses to testify and not others and
in regards to counsel’s decision not to consult with a clinical psychologist. Because
of the strong presumptions that trial counsel’s conduct falls within the wide range of
reasonable professional assistance and that such conduct might be sound trial
strategy, see Garcia, 57 S.W.3d at 440, the trial court could have reasonably found
that appellant failed to meet his burden of showing that trial counsel’s assistance was
ineffective. 
III. CONCLUSIONBecause the trial court could have found that appellant failed to satisfy his
burden under Strickland and was not denied effective assistance of counsel, we
conclude the trial court did not abuse its discretion in denying appellant’s motion for
new trial. Accordingly, appellant’s sole issue is overruled, and we affirm the
judgments of the trial court.                                                                                            
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice
Do not publish.
Tex. R. App. P. 47.2(b).

Opinion delivered and filed
this 20th day of May, 2004.