NUMBER 13-02-552-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

FRANK WILLIAM HADAMEK, JR.,                                      Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
___________________________________________________________________

On appeal from the 377th District Court
of Victoria County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Garza
Opinion by Justice Rodriguez

         Appellant, Frank William Hadamek, Jr., was tried before a jury and convicted of
aggravated robbery. See Tex. Pen. Code Ann. § 29.03 (Vernon 2003). Punishment
was assessed at life imprisonment and a $10,000.00 fine. The trial court has certified
that this case “is not a plea-bargain case, and the defendant has the right of appeal.” 
See Tex. R. App. P. 25.2(a)(2). By two issues appellant contends that the trial court
erred in (1) allowing extraneous offense evidence to be presented to the jury, and (2)
excluding the testimony of Ty Trahan. We affirm.
I. FACTS
         As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court's
decision and the basic reasons for it. See Tex. R. App. P. 47.4.
II. EXTRANEOUS OFFENSES
         By his first issue appellant contends the trial court erred in allowing the State
to introduce evidence of three extraneous offenses. 
         We review the trial court’s decision to admit extraneous offense evidence under
an abuse of discretion standard. Saenz v. State, 843 S.W.2d 24, 26 (Tex. Crim. App.
1992); Perry v. State, 933 S.W.2d 249, 253 (Tex. App.–Corpus Christi 1996, pet.
ref’d). We will uphold the trial court’s ruling if it is within the zone of reasonable
disagreement. Perry, 933 S.W.2d at 253. 
         Evidence of an extraneous offense is not admissible to prove the character of
the person in order to show he acted in conformity therewith. Tex. R. Evid. 404(b);
Castillo v. State, 865 S.W.2d 89, 92 (Tex. App.–Corpus Christi 1993, no pet.). 
However, an extraneous offense may be admissible for other purposes such as to
show proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or
absence of mistake or accident. Tex. R. Evid. 404(b); Castillo, 865 S.W.2d at 92. 
While evidence may be admissible, the trial court may exclude the same evidence if
it determines that the probative value of such evidence is substantially outweighed by
its unfair prejudice. Mazon v. State, 991 S.W.2d 841, 846 (Tex. 1999); see Tex. R.
Evid. 403. In reviewing the trial court’s balancing test determination, we are to
reverse the trial court’s judgment “rarely and only after a clear abuse of discretion.” 
Montgomery, 810 S.W.2d at 389. 
         A review of the record reveals that the trial court did not abuse its discretion in
admitting evidence of the extraneous offenses. The three extraneous offenses
presented at trial involved a weapon similar to the one used in this case. Also, the
defendant gave similar instructions, made similar threats, and employed a unique
manner of propping open the front door of the business before the robbery. 
Additionally, each of the extraneous offenses was committed within a short time
interval by a man with a similar voice and wearing similar clothes. Because the
evidence was offered for the purpose of identifying appellant as the robber, it was
admissible. See Tex. R. Evid. 404(b); Johnson v. State, 68 S.W.3d 644, 650-51 (Tex.
Crim. App. 2002) (finding evidence admissible to show identity where time interval
between offenses was short and the specific characteristics of the offenses were
similar). Moreover, measuring the trial court’s ruling against the relevant criteria by
which a rule 403 decision is made, Mazon, 991 S.W.2d at 847, we find the trial court
did not abuse its discretion in determining that the probative value of the evidence was
not substantially outweighed by its unfair prejudice. See Johnson, 68 S.W.3d at 651-52 (finding extraneous offenses highly probative in part because they tended to prove
appellant’s identity as the perpetrator). We conclude, therefore, that the trial court did
not err in admitting evidence of the extraneous offenses.
         Appellant’s first issue is overruled.III. EXCLUSION OF WITNESS TESTIMONY
         By his second issue, appellant contends the trial court erred in excluding the
testimony of Ty Trahan. 
         We review a trial court’s decision to admit or exclude evidence under an abuse
of discretion standard. Burden v. State, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001). 
Absent an abuse of discretion, we do not disturb a trial court’s ruling on the
admissibility of evidence. See Wyatt v. State, 23 S.W.3d 18, 27 (Tex. Crim. App.
2000).
         Trahan owned a body shop located across the road from appellant. Trahan
testified on bill of exception that his body shop was burglarized approximately two
years prior to the trial. He reported the burglary to the Victoria County Sheriff’s
Department and an investigation into the incident was conducted. Trahan testified
that “[t]hey told me that I should look across the street, but I don’t know who said it
or what.” Appellant offered the testimony of Trahan to complement previous
testimony that appellant had been arrested for other aggravated robberies but had been
released. Appellant argued that this evidence would have exposed law enforcement’s
prejudice against appellant and would have shown that the police consistently consider
appellant a suspect. The trial court found Trahan’s testimony was not relevant to the
proceedings and excluded his testimony. 
         After reviewing the record we find that Trahan’s testimony did not make the
existence of any fact that is of consequence to the determination of aggravated
robbery more or less probable. See Tex. R. Evid. 401. Therefore the evidence was not
relevant and not admissible.


 See Tex. R. Evid. 402; Werner v. State, 711 S.W.2d
639, 643 (Tex. Crim. App. 1986) (evidence of a collateral fact which does not in some
logical way tend to prove or disprove the matters in issue is not admissible). Since the
evidence was inadmissible the trial court did not abuse its discretion in excluding
Trahan’s testimony.
         Appellant’s second issue is overruled. 
IV. CONCLUSION
         Accordingly, the judgment of the trial court is affirmed.                                                                                         
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Opinion delivered and filed
this 24th day of June, 2004.