**Robert HERNANDEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–96–00678–CR.**

Court of Appeals of Texas,
San Antonio.

Feb. 25, 1998.

Victor Roberto Garcia, Law Office of Victor Roberto Garcia, Del Rio, for Appellant.

Thomas F. Lee, Dist. Atty., Del Rio, Clark S. Butler, Asst. County Atty., Seguin, for Appellee.

Before RICKHOFF, STONE and DUNCAN, JJ.

## OPINION

RICKHOFF, Justice.

This appeal presents the question of whether a person was seized when he tossed a bag of cocaine out of a moving vehicle immediately after border patrol agents who were following him activated their flashing overhead lights. Answering this question in the negative, we conclude that the trial court did not err in denying the defendant's motion to suppress the cocaine.

### FACTUAL AND PROCEDURAL BACKGROUND

At approximately 4:30 a.m. on December 3, 1993, two United States Border Patrol agents observed the appellant, Robert Hernandez, driving along a farm-to-market road. Hernandez seemed suspicious to the agents because he was driving a type of vehicle not usually seen in the area and because it was unusual to see traffic on the road at that time of the morning. They followed him, getting close enough to read the license plate on his vehicle. Hernandez began to drive erratically. The agents did a registration check and determined that the car was not locally registered. Suspecting that Hernandez might be smuggling illegal aliens, they activated their flashing overhead lights. Once the lights were activated, they observed something shiny being tossed out of the driver's window. Hernandez then pulled over to the side of the road.

One of the agents, Agent Meeks, approached Hernandez and inquired about his citizenship. Hernandez stated he was a United States citizen. He then consented to a search of his vehicle. After searching the vehicle and finding nothing incriminating, Meeks obtained Hernandez's permission to do a canine search. Meanwhile, the other agent, Agent Pastor, began looking for the shiny object that had been tossed out of the vehicle. He found a bag containing a white substance. One of the agents showed the bag to Hernandez and asked if it belonged to him. Hernandez denied that the bag was his. When the canine arrived, it indicated that drugs were present on the front seat of Hernandez's vehicle. According to the agents, Hernandez then admitted that the bag was his and that it contained cocaine. At that point, the agents placed him under arrest and took him to a border patrol station. Thereafter, Hernandez made an incriminating statement to a county deputy sheriff.

Hernandez filed motions to suppress the cocaine and his incriminating statements. After the trial court denied the motions, Hernandez pled nolo contendere to possession of less than 28 grams of cocaine. The trial court deferred an adjudication of guilt and placed Hernandez on community supervision for two years.

### POINTS OF ERROR

Hernandez raises two points of error. First, he asserts that the trial court erred by not granting his motion to suppress the cocaine because the border patrol agents did not have reasonable suspicion to stop him. Second, he asserts that the trial court erred by not granting his motion to suppress the cocaine because he abandoned the cocaine only after he was seized by the agents. Because our resolution of the second point of error is dispositive of the appeal, we need not address the first point of error.

### STANDARD OF REVIEW

■ At a suppression hearing, the trial court is the sole trier of fact and judge of the credibility of the witnesses, as well as the weight to be given their testimony. See *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim. App.1997); *State v. Skiles*, 938 S.W.2d 447, 450 (Tex.Crim.App.1997). Accordingly, when reviewing a trial court's ruling on a motion to suppress, we must view the evidence in the light most favorable to the trial court's ruling. See *Guzman*, 955 S.W.2d at 89. But we review *de novo* "application of law to fact

questions" that do not turn on an evaluation of credibility and demeanor. *Id.* Applying these standards of review here, we will afford deference to the trial court's findings of fact, but we will determine *de novo* whether the facts found by the trial court establish that Hernandez was seized before he discarded the cocaine.

## SEIZURE

We begin our analysis by restating two familiar principles. First, evidence obtained as the fruit of an unconstitutional seizure is inadmissible. *See Mapp v. Ohio,* 367 U.S. 643, 654–55, 81 S.Ct. 1684, 1691–92, 6 L.Ed.2d 1081 (1961); TEX.CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon Supp.1997). Second, property that is abandoned before a seizure occurs is admissible. *See California v. Hodari D.,* 499 U.S. 621, 629, 111 S.Ct. 1547, 1552, 113 L.Ed.2d 690 (1991). Thus, to establish that the cocaine should be suppressed, Hernandez must show that the cocaine was obtained as the result of an unconstitutional seizure.

■■■ When a defendant seeks to suppress evidence on the basis of an unconstitutional seizure, he has the initial burden of defeating the presumption of proper police conduct. *Russell v. State,* 717 S.W.2d 7, 9 (Tex.Crim.App.1986). The defendant satisfies this initial burden of proof by establishing: 1) that a seizure occurred, and 2) that no warrant was obtained. *Id.* Only if the defendant establishes both of these facts does the burden shift to the State to prove the reasonableness of its actions. *See id.* at 9–10; *see also White v. State,* 871 S.W.2d 833, 835–36 (Tex.App.—Houston [14th Dist.] 1994, no pet.) (applying the *Russell* burden-shifting analysis to an arrest that was asserted to violate both the federal and state constitutions). In this case, it is undisputed that no warrant was obtained; the issue to be resolved is whether a seizure occurred.

■■■ Under both the federal and state constitutions, a seizure may occur in either of two ways: 1) when a person is subjected to physical force, however slight, or 2) when a person submits to a show of authority. *See Hodari D.,* 499 U.S. at 624–26, 111 S.Ct. at 1548–50; *Johnson v. State,* 912 S.W.2d 227,

234 (Tex.Crim.App.1995). Hernandez does not claim that he was subjected to physical force before the cocaine was discarded, but he does claim that he submitted to a show of authority.

■■■ A "show of authority" occurs when actions of the police would cause a reasonable person to believe he or she is not free to leave. *See Hodari D.,* 499 U.S. at 628, 111 S.Ct. at 1551–52. We agree with Hernandez that the activation of the overhead lights constituted a show of authority. *Cf. Hodari D.,* 499 U.S. at 628, 111 S.Ct. at 1551–52 (stating that a show of authority occurred when police cars with flashing lights chased a defendant for twenty miles). However, the evidence does not support Hernandez's assertion that he submitted to the show of authority before the cocaine was discarded.

Three people were present when the cocaine was discarded—Meeks, Pastor, and Hernandez. Hernandez testified that he did not throw anything out the window. Meeks testified as follows:

Q. What happened after you decided to activate your overhead lights?

A. We saw something being tossed out of the driver's window.

Q. Is this after you activated your headlights?

A. Yes, sir.

. . . .

Q. And what happened when you saw this item being thrown out the window?

A. We both made note of it, that something was coming out, was being tossed out of the window, *and then he immediately after that* pulled over to the side of the road and stopped.

(emphasis added). He later testified as follows:

Q. Do you know approximately how far it was from the time you stopped—or the vehicle was stopped, how far back that baggie of cocaine was from the vehicle?

. . . .

A. I know that immediately upon hitting the—initiating the overhead lights he

pulled to the side of the road. Whatever distance that took, that's where the—apparently the item was found.

Meeks also testified that the cocaine was thrown out the window "[a]lmost immediately" after the overhead lights were activated. Pastor's testimony is consistent with that of Meeks:

> Immediately after [Meeks] engaged the overhead lights we both saw something thrown from the driver's side window which—couldn't tell exactly what it was at the time, but it appeared to be a plastic of some sort, because it caught the light or headlights, and the driver immediately pulled over to the side of the road, off the road.

Based on this testimony, the trial court found that the agents observed the plastic object being thrown from the car immediately upon activation of their overhead lights and before Hernandez's car stopped. The court therefore concluded that the cocaine was abandoned before Hernandez was seized.

Viewed in the light most favorable to the trial court's ruling, the testimony indicates that Hernandez did not do anything that could be construed as submission to the show of authority until after he discarded the cocaine. Certainly, the act of discarding the cocaine itself cannot be construed as a submission to authority; if anything, it demonstrates a defiance of authority.

■ Hernandez argues that he submitted to the show of authority because he pulled over to the side of the road. We recognize that a seizure may occur when a person stops a vehicle in response to a show of authority. *See United States v. Ramirez–Gonzalez,* 87 F.3d 712, 713 (5th Cir.1996); S*tate v. Sanchez,* 856 S.W.2d 166, 168 (Tex.Crim.App. 1993); *see also United States v. Brignoni–Ponce,* 422 U.S. 873, 878, 95 S.Ct. 2574, 2578–79, 45 L.Ed.2d 607 (1975). Here, however, it is undisputed that Hernandez threw the cocaine out of a *moving* vehicle.

Hernandez also relies on two cases decided before *Hodari D. See Hawkins v. State,* 758 S.W.2d 255 (Tex.Crim.App.1988); *Comer v. State,* 754 S.W.2d 656 (Tex.Crim.App.1988). In *Comer,* the court held that for abandon-

ment to occur, the defendant must intend to abandon the property and the decision to abandon the property must not be the product of police misconduct. 754 S.W.2d at 659 (op. on reh'g). Subsequent to its decision in *Comer,* the court adopted *Hodari D.* as the standard for determining when a seizure occurs. *See Johnson,* 912 S.W.2d at 234. *Hodari D.* makes clear that we are not to engage in the *Comer* analysis unless we have already determined that a seizure occurred. As commentators have explained:

> Pre-*Hodari D.* Texas case law reflected the view that if an officer without legal grounds to detain attempted to stop a suspect and the suspect fled, in some situations a suspect's act in discarding an item during the flight was a non-voluntary response to a seizure made by the officer and thus the discarded item was the inadmissible "fruit" of the initial seizure. *Hodari D.* requires a rejection of this approach.... No seizure generally takes place in such cases and thus there is no poisonous tree to bear inadmissible fruit.

40 GEORGE E. DIX & ROBERT O. DAWSON, CRIMINAL PRACTICE & PROCEDURE § 7.22, at 319 (Texas Practice 1995).

The other case relied on by Hernandez, *Hawkins v. State,* is inapplicable for similar reasons. In *Hawkins,* the court determined that a paper bag containing cocaine and heroin should have been suppressed because the defendant abandoned the paper bag only after he was illegally stopped by the police. *See* 758 S.W.2d at 260. Because the case was decided before *Hodari D.,* the court did not determine whether the defendant had submitted to a show of authority. *See id.* at 259. Since we are now bound to follow *Hodari D.* and *Johnson, Hawkins* does not assist us in deciding whether Hernandez was seized.

In accordance with *Hodari D.* and *Johnson,* we conclude that Hernandez had not been seized when he discarded the cocaine. Because no seizure had occurred, the constitutional protections against unreasonable seizures were not implicated. Accordingly, we need not and do not express any opinion regarding whether the officers had reason-

able suspicion to initiate the stop of Hernandez's vehicle.[1]

The judgment of the trial court is affirmed.

STONE, J., dissents without opinion.

---

**1.** In his brief, Hernandez focuses solely on the admissibility of the bag of cocaine and does not address the admissibility of his statements. We note, however, that the statements were made after the agents recovered the abandoned cocaine, and thus after they had probable cause to seize Hernandez. *See Crawford v. State*, 932 S.W.2d 672, 674 (Tex.App.—Hous. [14th Dist.] 1996, pet. ref'd) (holding that officers had probable cause to arrest defendant based on a cannister containing cocaine that was abandoned by the defendant while in flight from the police and that was recovered after the defendant was seized).