NO. 07-00-00485-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 18, 2001

______________________________

FACUNDO VALDEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 137
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2000-434,254; HONORABLE CECIL G. PURYEAR, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Upon a plea of not guilty, appellant Facundo Valdez was charged and convicted by a jury of possession of a controlled substance with intent to deliver, enhanced by three prior felonies.  Appellant was sentenced to 45 years confinement and by three issues contends that (1) the evidence is insufficient to show that he possessed cocaine with intent to deliver, (2) the trial court erred in failing to suppress the cocaine, and (3) he received ineffective assistance of counsel.  Based on the rationale expressed herein, we affirm.

When appellant arrived at the T N M & O Bus Station in Lubbock, one K-9 officer from the Lubbock Police Department and two assisting officers from the Texas Alcohol and Beverage Commission (TABC), acting on an anonymous tip, were positioned at the bus station to watch for a suspected drug courier.  The officers had been provided with a description of the suspect, as well as possible routes the suspect might take through Lubbock.  The suspect courier was described to officers as a Hispanic male, mid-late twenties, black hair, brown eyes, beard and mustache, collar length combed back hair, earring in the left ear, acne pocks on face, and medium-thin build.  Appellant resembled this description and when he left the bus station, the K-9 officer alerted the TABC officers that a possible suspect was leaving the building.  When appellant exited the bus station, he backed into a doorway and attempted to determine if he was being watched.  The two TABC officers then approached appellant, identified themselves, and asked him to approach their car.  Appellant threw down a small sack of personal belongings and fled.  Appellant then attempted to throw a package onto the roof of a nearby building.  He was unsuccessful; and, in a second attempt, the package landed on the hood of the officers’ car.  Appellant grabbed the package from the hood of the car and fled, only to be tackled by the K-9 officer when he again refused to stop.  Later, the K-9 officer located a package containing 27.37 grams of cocaine in the direct flight path appellant had used.  The officers recognized it as being the package they had seen on the hood of their car.  Appellant was arrested and charged with possession with intent to deliver.

By his first issue, appellant challenges his conviction claiming the evidence is factually insufficient to show that he intended to deliver the cocaine.  A person commits an offense if he knowingly or intentionally manufactures, delivers or possesses with the intent to manufacture or deliver a controlled substance . . . .  Tex. Health & Safety Code § 481.112(a) (Vernon Supp. 2001).  An offense under this section is a felony of the first degree if the amount of the controlled substance to which the offense applies is . . . four grams or more but less than 200 grams.  § 481.112(d).  Appellant contends the State failed to show the “intent to deliver” the cocaine.  We disagree.

  In conducting a factual sufficiency review, the Court of Criminal Appeals has directed us to ask whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the fact finder’s determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App. 2000) (adopting complete civil factual sufficiency formulation); 
see also
 King v. State, 29 S.W.3d 556, 563 (Tex.Cr.App. 2000).  Accordingly, we will reverse the fact finder’s determination only if a manifest injustice has occurred.  
Johnson
, 23 S.W.3d at 12.  In conducting this analysis, we may disagree with the jury’s determination, even if probative evidence supports the verdict, but must avoid substituting our judgment for that of the fact finder.  
See
 Santellan v. State, 939 S.W.2d 155, 164 (Tex.Cr.App. 1997).  Moreover, the fact finder is the judge of the credibility of the witnesses and the weight to be given their testimony and may resolve or reconcile conflicts in the testimony, accepting or rejecting such portions thereof as it sees fit.  Johnson v. State, 571 S.W.2d 170, 173 (Tex.Cr.App. 1978); Armstrong v. State, 958 S.W.2d 278, 284 (Tex.App.--Amarillo 1997, pet. ref'd).

Intent to deliver may be shown by circumstantial evidence.  Williams v. State, 902 S.W.2d 505, 507 (Tex.App.--Houston [1st Dist.] 1994, pet. ref’d).  The testimony of the K-9 officer established that a quantity of 27.37 grams of cocaine was inconsistent with personal use.  Further, the cocaine was heat and vacuum sealed inside a freezer bag with rice, a drying agent, and that bag was enclosed by two other freezer bags that were also heat and vacuum sealed.  The officer testified this was common in transportation and preservation of narcotics to conceal the odor and reduce the chance of canine detection. Additionally, testimony showed the narcotics were unopened and that appellant stated he would agree to be drug tested because he had no cocaine in his system. The State also introduced evidence of appellant’s prior conviction for drug trafficking in Missouri where he was arrested for possession of a large amount of marijuana.  Intent to deliver can be inferred from his prior conviction for narcotics transportation in Missouri under Rule 404(b) of the Texas Rules of Evidence because extraneous acts can be used to show an actor’s intent.  Castillo v. State, 865 S.W.2d 89 (Tex.App.--Corpus Christi 1993, no pet.). The jury could have concluded that the evidence was sufficient to show that appellant was transporting the drugs with intent to deliver and not for carrying the drugs for personal use.

Appellant argues that the facts usually demonstrating an intent to deliver are not present.  Among other things, he argues that he did not have a large amount of money,  he was not in a known drug location, that he did not have any scales, packaging materials, or other items to divide the drugs, and that he was a drug user.   However, even if the facts are as consistent with personal use as they are with intent to deliver, we must defer to the findings of the jury and presume that they resolved the conflict in favor of the prosecution.  Mack v. State, 859 S.W.2d 526, 529 (Tex.App.--Houston [1
st
 Dist] 1993, no pet.).  Appellant’s first issue is overruled.

By his second issue, appellant contends the trial court erred in failing to suppress the cocaine.  We disagree.  In reviewing an appeal from the trial court's denial of a motion to suppress, great deference is afforded to the trial court's decision on mixed questions of law and fact that turn on an evaluation of credibility and demeanor.  Guzman v. State, 955 S.W.2d 85, 89 (Tex.Cr.App. 1997).  However, for mixed questions of law and fact which do not fall within this category, an appellate court may conduct a 
de novo
 review of the trial court's ruling.  Hernandez v. State, 957 S.W.2d 851, 852 (Tex.Cr.App. 1998), citing 
Guzman
.  In other words, 
de novo
 review applies only when the facts are undisputed.  State v. Jennings, 958 S.W.2d 930, 932 (Tex.App.--Amarillo 1997, no pet.).  Also, questions involving reasonable suspicion and probable cause permit an appellate court to conduct a 
de novo
 review.  
See
 Loesch v. State, 958 S.W.2d 830, 832 (Tex.Cr.App. 1997).

  The State presented the only evidence at the hearing on the motion to suppress.  Because the evidence was undisputed we will apply a 
de novo
 review.  The issues of probable cause and reasonable suspicion are not presented here because appellant abandoned the evidence when he discarded it during his flight from the officers.  Hernandez v. State, 963 S.W.2d 921, 925-26 (Tex.App.--San Antonio 1998, pet. ref’d).  Even if the officers did not have reasonable suspicion to initially stop appellant, the United States Supreme Court has held that a fleeing suspect who abandoned contraband before he was detained by officers was not entitled to protection of the Fourth Amendment because he was not seized until he yielded to the officers.  California v. Hodari D., 499 U.S. 621, 625-26, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991).  The State presented evidence that appellant fled from officers and that the officers witnessed him attempting to discard a package.  The officers saw this package as it landed on the hood of their car and later found this same package in the flight path used by appellant and determined the contents to be cocaine.  The cocaine was not on his person, thus resulting in no seizure and therefore, the trial court properly denied the motion to suppress the evidence.  Appellant’s second issue is overruled.

By his third issue, appellant contends that because his attorney did not request an instruction as required by article 38.23 of the Texas Code of Criminal Procedure that required the jury to disregard evidence obtained in violation of the Constitution or laws of the State of Texas or the United States, he therefore received ineffective assistance of counsel.  We disagree.

To establish ineffective assistance of counsel, appellant must show (1) trial counsel’s performance was deficient (
i.e.
, fell below an objective standard of reasonableness), and (2) there is a reasonable probability that but for trial counsel’s deficient performance, the result of the proceeding would have been different, a reasonable probability being a probability sufficient to undermine confidence in the outcome.  Strickland v. Washington, 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Hernandez v. State, 726 S.W.2d 53 (Tex.Cr.App. 1986).

The adequacy of defense counsel’s assistance is based upon the totality of the representation rather than by isolated acts or omissions of trial counsel.  Garcia v. State, 887 S.W.2d 862, 880 (Tex.Cr.App. 1994), 
cert
. denied, 514 U.S. 1021, 115 S.Ct. 1368, 131 L.Ed.2d 223 (1995).  Although the constitutional right to counsel ensures the right to reasonably effective counsel, it does not guarantee errorless counsel whose competency or accuracy of representation is to be judged by hindsight.  Ingham v. State, 679 S.W.2d 503, 509 (Tex.Cr.App. 1984); 
see
 also Ex Parte Kunkle, 852 S.W.2d 499, 505 (Tex.Cr.App. 1993).  A strong presumption exists that defense counsel's conduct falls within a wide range of reasonable representation.  
Strickland
, 466 U.S. at 690, 104 S.Ct. at 2064, 80 L.Ed.2d at 695; Dewberry v. State, 4 S.W.3d 735, 757 (Tex.Cr.App. 1999), 
cert.
 denied, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000).  To sustain a challenge of ineffective assistance, it must be firmly founded in the record, Mercado v. State, 615 S.W.2d 225, 228 (Tex.Cr.App. 1981), and the defendant must overcome the presumption that counsel's conduct might be considered sound trial strategy.  Jackson v. State, 877 S.W.2d 768, 771 (Tex.Cr.App. 1994).  After proving error, a defendant must also affirmatively demonstrate prejudice.  
Garcia
, 887 S.W.2d at 880.  Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. 
 Id.

In any case where there is an issue under article 38.23, the jury must be instructed that if it believes, or has a reasonable doubt that the evidence was obtained in violation of this article, then the evidence should not be considered.  However, appellant is entitled to an article 38.23 instruction in the jury charge only if there is a factual dispute as to how the evidence was obtained.  Thomas v. State, 723 S.W.2d 696, 707 (Tex.Cr.App. 1986).  As we noted above, the evidence was not illegally seized because appellant abandoned it during flight.  Without a factual issue as to whether the evidence was illegally seized, appellant’s counsel was under no obligation to request the instruction.  We therefore cannot conclude that appellant was provided ineffective assistance.  Appellant’s third issue is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis

    Justice

Do not publish.