TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-05-00800-CR






Earl Johnny Baugh, Appellant


v.


The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT

NO. D-1-DC-05-201186, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING







M E M O R A N D U M O P I N I O N



 After the district court denied his motion to suppress evidence, appellant Earl Johnny
Baugh plead guilty to the offense of unlawful possession of a firearm by a felon and was sentenced
to three years' confinement. See Tex. Pen. Code Ann. § 46.04(a) (West Supp. 2005). In one issue,
Baugh contends that the court erred in denying his motion to suppress evidence of the gun as fruit
of an unconstitutional seizure. See U.S. Const., Amend. IV; Tex. Const. art. I, § 9; Tex. Code Crim.
Proc. Ann. art. 14.03 (West Supp. 2005), arts. 18.01, 38.23(a) (West 2005). We affirm.


BACKGROUND

 Baugh's motion to suppress alleged that he was walking up the driveway to a
residence when he was detained by an Austin police officer. While attempting to run from the
officer, Baugh threw his gun over the fence of a nearby residence. He was then apprehended. Baugh
argues that his constitutional and statutory rights were violated because the officer had no reasonable
suspicion to justify the detention and because the seizure of the firearm was outside the scope of any
justified search.

 Two witnesses testified at the August 15, 2005 suppression hearing: Travis County
Sheriff's Deputy Don Xavier Rios and Baugh. Rios stated that he was part of a team executing a no-knock search warrant in the pre-dawn hours of March 9, 2005, at the residence of a suspected
narcotics dealer. The execution of the warrant was considered a high-risk situation due to the
criminal histories of the occupants, the expectation that they were armed, and the presence of
surveillance equipment on the exterior of the residence. Rios recalled that three unmarked police
vehicles were parked in front of the house, along with a large "SWAT van." Rios was standing in
the shadows of the driveway at the front of the residence to provide security and surveillance while
the team was inside the house.

 As Rios was keeping surveillance, he observed Baugh parking his car and
approaching the target house. Rios stated that he stepped out from the shadows, illuminated himself
with his flashlight and said, "Deputy Rios with the Travis County Sheriff's Office. Where are you
going?" Baugh told Rios that he was there to visit his cousin and began walking away. When Baugh
continued walking, despite multiple commands to stop, Rios called for backup and drew his M16
assault rifle from a sling at his side. Rios stated that Baugh began to move away more quickly,
jogging along the side of the house, where Rios saw him throw a small black object over the fence
into an adjacent yard. After throwing the object, Baugh heeded Rios's command to stop and was
detained. Officers searched the neighboring yard and located a 9mm Smith & Wesson handgun,
which was loaded and had a round in the chamber.

 Baugh testified that he had gone to the residence in the pre-dawn hours to "pick up
some money that he [the homeowner] owed me for a car I had bought from him." Baugh claimed
that Rios raised his weapon as soon as he stepped out from the shadows in the driveway. Baugh
stated that while he was walking away, he put his hands up in compliance with Rios's command. 
But Baugh admitted that he did not obey Rios's command to "get on the ground." When Rios
lowered his weapon, Baugh, who had been carrying a gun, ran toward the side of the house and
threw the gun over a fence. Baugh testified that Rios could not have seen him throw the gun.

 At a subsequent hearing on August 29, 2005, the district court denied Baugh's motion
to suppress. The court stated on the record (1) that, "considering it was 5:00 in the morning [and] there
was an individual that was approaching a house where they were executing a narcotics warrant," the
officer "had every right to stop and question the person that was approaching that house." The court
also found that "Baugh was never seized" because "he appears to have started immediately walking." 
Pursuant to a negotiated plea of guilty, on October 19, 2005, Baugh was convicted of "intentionally
or knowingly possessing a firearm before the fifth anniversary of his release from confinement for
conviction of a felony" and sentenced to three years' confinement. See Tex. Pen. Code Ann. § 46.04
(West Supp. 2005). This appeal followed.


DISCUSSION


 Baugh asserts that the trial court erred in denying his motion to suppress evidence 
because the gun was obtained as the result of an unconstitutional seizure. He specifically argues that
he threw the gun over the fence only after he had been seized and that his abandonment of the gun
was the product of police misconduct.


Standard of review

 We apply a bifurcated standard when reviewing a trial court's ruling on a motion to
suppress evidence, giving "almost total deference to a trial court's determination of historical facts,
especially when the findings are based on an evaluation of credibility and demeanor, and reviewing
de novo the court's application of the law of search and seizure." Carmouche v. State, 10 S.W.3d
323, 327 (Tex. Crim. App 2000); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). 
Applying these standards, we will defer to the district court's fact findings but determine de novo
whether the facts found by the court establish that Baugh was seized before he threw the gun over
the fence.


Unconstitutional seizure

 Baugh contends that a seizure occurred when Rios raised his weapon, because
brandishing a weapon is "tantamount to the use of force." Alternatively, Baugh asserts that a seizure
occurred when he raised his hands in submission to Rios's show of authority. Baugh argues that he
did not abandon his gun until after his seizure by the officer.

 Evidence obtained as the fruit of an unconstitutional seizure is inadmissible. Mapp
v. Ohio, 367 U.S. 643, 654-55 (1961); Tex. Code Crim. Proc. Ann. art 38.23(a) (West 2005). But
property that is abandoned before a seizure occurs is admissible. See California v. Hodari D., 499
U.S. 621, 629 (1991) (holding that cocaine abandoned while defendant was running was not fruit
of seizure because defendant was not seized until he was subsequently tackled by officer). To be
entitled to suppress evidence of the gun, Baugh must show that the officers obtained it as the result
of an unconstitutional seizure. See id. If the gun was abandoned before any seizure occurred, it
should not be suppressed.

 When a defendant seeks to suppress evidence on the basis of an unconstitutional
seizure, he has the initial burden of defeating the presumption of proper police conduct. Russell v.
State, 717 S.W.2d 7, 9 (Tex. Crim. App. 1986). The defendant satisfies this initial burden of proof
by establishing that: (1) a seizure occurred and (2) no warrant was obtained. Id. Only if the
defendant establishes both of these facts does the burden shift to the State to prove the
reasonableness of its actions. Id. at 9-10; Hernandez v. State, 963 S.W.2d 921, 924 (Tex. App.--San
Antonio 1998, pet. ref'd). Here, it is undisputed that no warrant was obtained for Baugh. 
Accordingly, the only question is whether a seizure occurred before Baugh abandoned the gun.

 Under the federal and state constitutions, a seizure may occur in either of two ways:
(1) when a person is subjected to physical force, however slight, or (2) when a person submits to a
show of authority. See Hodari D., 499 U.S. at 624-26; Johnson v. State, 912 S.W.2d 227, 234 (Tex.
Crim. App. 1995). A "show of authority" occurs when the actions of the police would cause a
reasonable person to believe that he or she is not free to leave. See Hodari D., 499 U.S. at 628. 
Significantly, a seizure of a citizen does not occur until the citizen "has yielded to the officer's show
of authority or been physically forced to yield." Johnson, 912 S.W.2d at 236. "A show of authority,
without an application of physical force, to which a suspect does not yield, is not a seizure under the
Fourth Amendment." Id.

 Though Rios and Baugh gave differing testimony, we conclude that, under either
version of events, no seizure occurred until after Baugh abandoned his gun. Both testified that
Baugh began walking away from Rios upon seeing him, and Baugh did not heed the officer's 
command to stop until after Baugh had thrown the gun over the fence. Even if we credit Baugh's
testimony that he raised his hands in submission, Baugh did not simply yield; he ran. Baugh did not
voluntarily yield to Rios's show of authority, and Baugh was not physically forced to yield by any
of Rios's actions. Accordingly, we conclude that Baugh was not seized until after he threw his gun
over the fence.


Police misconduct

 Because we conclude that no seizure occurred until after Baugh abandoned his gun,
Baugh has not met his initial burden of defeating the presumption of proper police conduct. See
Russell, 717 S.W.2d at 9. Absent that showing, the State is not required to prove the reasonableness
of its actions. See id., 717 S.W.2d at 9-10; Hernandez, 963 S.W.2d at 924.


CONCLUSION


 Having overruled Baugh's sole issue on appeal, we affirm the district court's
judgment.


 

 Bob Pemberton, Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Affirmed

Filed: August 11, 2006

Do Not Publish
1. The court did not issue written findings of fact, nor were any requested.