Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★  ★  ★                                                    ★  ★  ★

# MEMORANDUM OPINION

No. 04-08-00832-CR

Steve **REYES**,
Appellant

v.

**STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CR-2261
Honorable Mary Roman, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Catherine Stone, Chief Justice
Karen Angelini, Justice
Marialyn Barnard, Justice

Delivered and Filed:  November 4, 2009

AFFIRMED

A jury convicted appellant Steve Reyes of the offense of possession of cocaine. In a single issue, Reyes argues the trial court erred by refusing to submit an instruction to the jury on the lawfulness of the police conduct in this case. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon 2005). Because the evidence raised no fact issue on the lawfulness of the police conduct, we conclude the trial court did not err in refusing to instruct the jury under article 38.23(a). We affirm.

**BACKGROUND**

At trial, the evidence showed Reyes was observed by an undercover San Antonio police officer participating in an apparent drug transaction at a carwash. According to the officer's testimony, Reyes pulled his car into the carwash, drove alongside the carwash stalls, spotted a car in one of the stalls, stopped his car, approached the other car's driver, exchanged an object "hand to hand" with the other car's driver, returned to his car, and drove off quickly. After observing the exchange, the officer, who was in an unmarked car, followed Reyes's car at a distance and radioed for assistance from another police officer.

A uniformed motorcycle officer responded to the undercover officer's radio request. Both officers followed Reyes onto a highway. At the time, Reyes was driving at speeds exceeding 80 miles per hour, even though the speed limit was 65 miles per hour. When the motorcycle officer was a car length behind Reyes, he activated his emergency lights. Immediately after the emergency lights were activated, Reyes tossed a white object out of the sunroof of his car. Reyes then pulled over to the side of the road.

Police retrieved the white object—a sandwich bag containing about six ounces of cocaine—from the road. Reyes, who was alone in the car, was arrested for possession of cocaine.

Reyes testified on his own behalf at trial. Reyes's account of the events leading up to his arrest was largely consistent with the officers' testimony. Reyes admitted he had been at the carwash, had approached the driver's window of another car, and had left the carwash quickly. Reyes also admitted he was driving at speeds in excess of 80 miles per hour when he was pulled over by the

motorcycle officer. However, Reyes denied participating in a drug transaction at the carwash or tossing the cocaine out of his car.

At the charge conference, Reyes's counsel asked for the submission of a jury instruction on whether the officer acted lawfully in stopping him. The State opposed this instruction, pointing out that the undisputed evidence showed Reyes was speeding, and therefore, the officer was authorized to stop him. Reyes's counsel then asserted Reyes was entitled to the instruction because "the question is...at the time of the stop was he in possession of the drugs[?]" The trial judge refused the instruction, noting the undisputed evidence showed Reyes abandoned the cocaine before being seized by the officer.

The jury found Reyes guilty of the offense of possession of cocaine.

### REQUIREMENTS UNDER ARTICLE 38.23(A)

In his sole issue, Reyes argues the evidence raised a fact issue as to whether the cocaine was legally obtained by the officers, and therefore, the trial court erred in failing to submit a jury instruction under article 38.23(a) of the Texas Code of Criminal Procedure. Reyes contends the cocaine found on the road was relinquished as a result of unauthorized police force, and therefore, the jury should have been instructed on the admissibility of this evidence.  Article 38.23(a) of the Texas Code of Criminal Procedure provides,

> No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

> *In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was*

> *obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.*

TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon 2005) (emphasis added).

A defendant's right to the submission of a jury instruction under article 38.23(a) is limited to disputed issues of fact that are material to his claim of a constitutional or statutory violation that would render evidence inadmissible. *Madden v. State*, 242 S.W.3d 504, 509-10 (Tex. Crim. App. 2007). A defendant must meet three requirements before he is entitled to a jury instruction under article 38.23(a): (1) the evidence heard by the jury must raise an issue of fact; (2) the evidence on that fact must be affirmatively contested; and (3) the contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence. *Id*. at 510.

There must be a genuine dispute about a material fact. *Id*. If there is no disputed factual issue, the legality of the conduct is determined by the trial judge alone, as a question of law. *Id*. And if other facts, not in dispute, are sufficient to support the lawfulness of the challenged conduct, then the disputed fact issue is not submitted to the jury because it is not material to the ultimate admissibility of the evidence. *Id*. The disputed fact issue must be an essential one in deciding the lawfulness of the challenged conduct. *Id*. at 511.

## SEIZURE

The Fourth Amendment of the United States Constitution and Article I, Section 9 of the Texas Constitution protect citizens from unreasonable searches and seizures. U.S. CONST. AMEND. IV; TEX. CONST. art. I, § 9. Under both the federal and state constitutions, a seizure may occur in either of two ways: (1) when a person is subjected to physical force, however slight, or (2) when a person submits to a show of authority. *Hernandez v. State*, 963 S.W.2d 921, 924 (Tex. App.—San

Antonio 1998, pet. ref'd) (citing *California v. Hodari D.*, 499 U.S. 621, 624-26 (1991), and *Johnson v. State*, 912 S.W.2d 227, 234 (Tex. Crim. App. 1995)).

In *Hernandez*, a case that is strikingly similar to the present case, we held the defendant was not seized under the federal and state constitutions when he discarded cocaine from a moving vehicle after law enforcement agents activated their emergency lights, but before pulling over and submitting to a show of authority. 963 S.W.2d at 925. As we stated in *Hernandez*,

> A "show of authority" occurs when actions of the police would cause a reasonable person to believe he or she is not free to leave. We agree with Hernandez that the activation of the overhead lights constituted a show of authority. However, the evidence does not support Hernandez's assertion that he submitted to the show of authority before the cocaine was discarded.
> . . . .
> Hernandez argues that he submitted to the show of authority because he pulled over to the side of the road. We recognize that a seizure may occur when a person stops a vehicle in response to a show of authority. Here, however, it is undisputed that Hernandez threw the cocaine out of a *moving* vehicle.

*Id*. at 924-25 (citations omitted) (emphasis in original). In *Hernandez*, we concluded that because no seizure occurred until after the defendant abandoned the cocaine, federal and state constitutional protections against unreasonable seizures were not implicated. *Id*. at 925. Additionally, we concluded it was unnecessary to express any opinion about whether the law enforcement agents had reasonable suspicion to initiate the stop of the defendant's vehicle. *Id*. at 925-26.

### DISCUSSION

In the present case, the evidence failed to raise a material fact issue as to whether the cocaine was obtained in violation of any state or federal constitutional provisions or laws.

In his testimony at trial, Reyes denied tossing the cocaine out of his car. On appeal, however, Reyes's complaint relates not to whether he tossed out the cocaine, but *when* he did so. At trial, the

officers testified the cocaine was discarded while Reyes was driving down the highway and *before* he yielded to the motorcycle officer's show of authority. No evidence was presented to contest this testimony. Because the undisputed evidence showed the cocaine was abandoned before any seizure occurred, federal and state constitutional protections from unreasonable seizures were not implicated. *See Hernandez*, 963 S.W.2d at 925. The evidence also showed that when the motorcycle officer initiated the stop, Reyes was exceeding the speed limit and violating the law. Again, this evidence was uncontested. The violation of a traffic law in an officer's presence is sufficient authority to initiate a stop. *Armitage v. State*, 637 S.W.2d 936, 939 (Tex. Crim. App. 1982).

Because the evidence heard by the jury did not raise a material fact issue as to the lawfulness of the officers' conduct, Reyes failed to satisfy the *Madden* requirements and was not entitled to an article 38.23(a) instruction. *See Madden*, 242 S.W.3d at 510. We conclude the trial court did not err by refusing to submit an article 38.23(a) instruction to the jury. Reyes's issue is overruled.

## Conclusion

The judgment of the trial court is affirmed.

Karen Angelini, Justice

DO NOT PUBLISH