

# NUMBERS 13-14-00299-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **MARCUS ALLEN BERGH,** | **Appellant,** |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

### On appeal from the 24th District Court
### of Victoria County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides and Perkes
### Memorandum Opinion by Justice Perkes

Appellant Marcus Allen Bergh appeals from a two-count conviction of aggravated robbery and unlawful possession of a firearm by a felon. *See* TEX. PENAL CODE ANN. §§ 29.03, 46.04(a)(1) (West, Westlaw through 2015 R.S.). The jury found appellant guilty of both counts, and the trial court followed the jury's recommendation and assessed punishment at thirty years' imprisonment with a $10,000 fine for aggravated robbery and

ten years' imprisonment with a $2,500 fine for unlawful possession of a firearm by a felon, the sentences to be served concurrently. By a single issue, appellant contends that the trial court abused its discretion by admitting irrelevant and prejudicial evidence. We affirm.

## I. BACKGROUND

At approximately 11:05 p.m., Victoria Police Department officers responded to a call regarding an attempted robbery of the Pit Stop convenience store. While responding to this location, Officer Blair Cerny was rerouted to a second robbery in progress at the Fast Stop convenience store, which is located approximately eight-tenths of a mile from the Pit Stop. When he arrived at the Fast Stop, Officer Cerny observed the store clerk, Matthew Davis, in the street in front of the store. Davis was pointing down Lone Tree Road and shouting, "There they go!"

Officer Cerny proceeded down Lone Tree Road in the direction Davis was pointing, and saw a vehicle's brake lights turn into a driveway. Officer Cerny caught up with the stopped vehicle and noticed that the dark-grey sedan had Tennessee license plates matching the description he received from the dispatcher. As the officer exited his patrol vehicle, he observed a Hispanic or white male exit the passenger side of the vehicle and flee. The individual was wearing a gray hooded sweatshirt and long pants. Officer Cerny's description matched Davis's testimony describing the suspect. The State introduced photographic evidence of the suspect and a video depicting the robbery at the Fast Stop.

2

Officer Cerny detained the driver of the dark-gray sedan, identified as appellant, for suspicion of robbery. Another officer, Ricardo Soto, searched the vehicle and located a black nine-millimeter handgun and a large amount of cash in the glove box, along with a black beanie and light colored gloves. The handgun was distinct because it had an orange-colored sight; matching a description given by Davis regarding the gun used in the robbery. The vehicle matched the description given by Davis as well. Officer Cerny found a box of nine-millimeter ammunition in the vehicle's trunk.

While Officer Cerny was detaining appellant, Officer Lucas Thompson responded to the Pit Stop convenience store to investigate the original attempted robbery call, arriving at the Pit Stop at approximately 11:18 p.m. There he encountered store employee Deeanna Garcia. According to Garcia, she was closing out her register for the night when she saw a man come to the locked door of the Pit Stop and pull on it. She described the man as wearing a light-colored hooded sweatshirt and some sort of dark mask. Garcia did not see what vehicle the man was driving. The trial court admitted a photograph of the man outside the Pit Stop. Garcia testified that the photo matched her recollection of the man who pulled on the locked door. Garcia testified that the suspect had a hood and dark-colored mask on, but that she did not see a gun.

Appellant's two count indictment stemmed from the Pit Stop robbery. During trial, appellant objected to the admission of Garcia's testimony regarding the attempted robbery at the Pit Stop under Texas Rule of Evidence 404(b), and Officer Thompson's testimony regarding his investigation of both robberies and his discovery of physical evidence that matched a description made by Garcia under Texas Rules of Evidence 401,

3

402, and 403. The trial court overruled appellant's objections. Appellant requested, and the trial court granted, a limiting instruction, which informed the jury that they could only consider the evidence of an attempted robbery at the Pit Stop if they were convinced beyond a reasonable doubt that appellant was involved in the incident at the Pit Stop, and even then they could only consider it to assess appellant's intent.

## II.    ADMISSION OF EVIDENCE

By a single issue, appellant contends "the trial court abused its discretion in admitting evidence of an extraneous attempted robbery and the erroneous admission of the extraneous evidence was not harmless." Specifically, he claims the admission of the evidence violates rules 401, 403, and 404(b)(1) of the Texas Rules of Evidence.

### A.    Standard of Review

We review a trial court's decision to admit or exclude extraneous offense evidence for an abuse of discretion. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). We will not reverse the trial court's ruling unless it falls outside the "zone of reasonable disagreement." *Id.* at 343–44 (quoting *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g) (en banc)); *see also Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008) (citing *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003) (holding trial court abuses its discretion only if its decision is "so clearly wrong as to lie outside zone within which reasonable people might disagree")). In applying the abuse of discretion standard, we may not reverse a trial court's admissibility decision solely because we disagree with it. *See Powell v. State*, 63 S.W.3d 435, 438

4

(Tex. Crim. App. 2001).  We will not disturb a trial court's evidentiary ruling if it is correct on any theory of law applicable to that ruling.  *De La Paz*, 279 S.W.3d at 344.

**B.    Applicable Law**

The threshold question of evidentiary relevancy is governed by Texas Rule of Evidence 401.  *See* TEX. R. EVID. 401.  Relevant evidence is evidence having any tendency to make the existence of a fact that is of consequence to the outcome of the case more or less probable than it would be without the evidence.  *Id.*  Evidence must satisfy two requirements in order to be relevant: materiality and probativeness.  *Williams v. State*, 294 S.W.3d 674, 685 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (citing *Cruz v. State*, 122 S.W.3d 309, 312 (Tex. App.—Houston [1st Dist.] 2003, no pet)). When determining whether evidence is relevant, courts examine the purpose for which the evidence is being introduced.  *Layton v. State*, 280 S.W.3d 235, 240 (Tex. Crim. App. 2009) (citing *Moreno v. State*, 858 S.W.2d 453, 463, 465 (Tex. Crim. App. 1993)).  For evidence to be relevant, it is critical that there is a direct or logical connection between the actual evidence and the proposition sought to be proved.  *Id.*; *Allen v. State*, 249 S.W.3d 680, 703 (Tex. App.—Austin 2008, no pet.).  If there is some logical connection either directly or by inference between the evidence and a fact to be proved, the evidence is relevant.  *PPC Transp. v. Metcalf*, 254 S.W.3d 636, 642 (Tex. App.—Tyler 2008, no pet.).  In keeping with the presumption of admissibility of relevant evidence, trial courts should favor admission in close cases.  *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007) (citing *Montgomery*, 810 S.W.2d at 389).

5

The court's permissible exclusion of otherwise relevant evidence is governed by Texas Rule of Evidence 403. *See* TEX. R. EVID. 403. Under Rule 403, "[T]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Id.* A Rule 403 review includes the following factors: "(1) the probative value of the evidence; (2) the potential to impress the jury in some irrational, yet indelible, way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence." *Erazo v. State*, 144 S.W.3d 487, 489 (Tex. Crim. App. 2004) (citing *Montgomery*, 810 S.W.2d at 389–90); *see* TEX. R. EVID. 403. Whether extraneous offense evidence has relevance other than proving bad character conformity is a question for the trial court. *De La Paz*, 279 S.W.3d at 343 (citing *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003)). Even if such evidence is deemed relevant, it can still be excluded if it is deemed unfairly prejudicial under Rule 403. *See Feldman v. State*, 71 S.W.3d 738, 754 (Tex. Crim. App. 2002). "Probative value" refers to how strongly an item of evidence "serves to make more or less probable a fact of consequence to the litigation, coupled with the proponent's need for the item of evidence." *Gigliobianco v. State*, 210 S.W.3d 637, 641 (Tex. Crim. App. 2006). "Unfair prejudice" refers to a tendency to suggest deciding the case on an improper basis. *Id.* However, the balance is always slanted towards admission of otherwise relevant evidence. *De La Paz*, 279 S.W.3d at 343.

Texas Rule of Evidence 404(b)(1) prohibits the use of evidence of other crimes, wrongs, or acts to prove a person's character in order to show that on a particular

6

occasion they acted in conformity with that character. TEX. R. EVID. 404(b)(1). Evidence of extraneous offenses are generally inadmissible against a defendant in a criminal trial. *Daggett v. State*, 187 S.W.3d 444, 450 (Tex. Crim. App. 2005). To constitute an "extraneous offense," the evidence must show both a crime or bad act and the defendant's connection to the act. *Lockhart v. State*, 847 S.W.2d 568, 573 (Tex. Crim. App. 1992); *Johnson v. State*, 190 S.W.3d 838, 840 (Tex. App.—Fort Worth 2006, no pet.). However, Texas Rule of Evidence 404(b)(2) does permit the introduction of evidence of other crimes, wrongs, or acts for other purposes, including but not limited to: proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, and lack of accident. TEX. R. EVID. 404(b)(2). Before 404(b)(2) evidence can be admitted, a reviewing court must also determine whether or not the probative value of the extraneous crime was substantially outweighed by the danger of unfair prejudice when an objection is raised under Rule 403. *Montgomery*, 810 S.W.2d at 395.

A trial court's ruling is within the permissible "zone of reasonable disagreement" and must be upheld so long as the evidence shows an extraneous transaction is relevant to a material, non-propensity issue, and so long as the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *De La Paz*, 279 S.W.3d at 344. Therefore, while Rule 404(b) generally excludes evidence of extraneous crimes, the evidence can be admitted when it meets the following two-pronged test: "(1) the offense is relevant to a material issue in the case, other than the issue of the defendant's character; and (2) the probative value of

the evidence is not substantially outweighed by the danger of unfair prejudice."
*Hartsfield v. State*, 305 S.W.3d 859, 871 (Tex. App.—Texarkana 2010, pet ref'd).

**C.     Analysis**

We first analyze appellant's 404(b) argument under the two-pronged test outlined in *Hartsfield*. *See id.* at 871. Despite appellant's contrary general assertions, evidence of the attempted robbery at the Pit Stop is relevant to valid, non-character purposes under Rule 404(b) because it can be offered to establish the appellant's identity and plan in facilitating the subsequent robbery at the Fast Stop. *See* TEX. R. EVID. 401, 404(b)(2). The State presented evidence linking the common identity and plan of those involved in the two incidents: the similar appearance of the robber's clothing, the proximity in time and location of the events, and the description of the vehicle.[1] We conclude that this evidence is both material and probative, and that there is a logical, inferential connection between the evidence and the proposition sought to be proved. *See Williams*, 294 S.W.3d at 685 (citing *Cruz v*, 122 S.W.3d at 312); *Layton*, 280 S.W.3d at 240 (citing *Moreno*, 858 S.W.2d at 463, 465); *Allen*, 249 S.W.3d at 703; *Metcalf*, 254 S.W.3d at 642. Because the evidence is "relevant to a material issue in the case, other than the issue of the defendant's character," Garcia's and Thompson's testimony satisfies the first prong of rule 404(b). *See Hartsfield*, 305 S.W.3d at 871.

Appellant also argues that Garcia's and Thompson's testimony is more prejudicial than probative. But the testimony does serve to "make more . . . probable a fact of

---

[1] In both instances, witnesses described the robber as wearing a dark colored mask with a light colored hooded sweatshirt. The Fast Stop is approximately 0.8 miles from the Pit Stop, and when Officer Cerny was originally called to the Pit Stop, he was rerouted to the Fast Stop while en route.

consequence to the litigation." *See Gigliobianco*, 210 S.W.3d at 641. Garcia described the suspect as wearing a "dark colored mask," covering the suspect's entire face. She testified that the suspect had a "sweater jacket with a hood." Garcia's testimony establishes the fact that whoever robbed the Fast Stop was similarly dressed to whoever attempted to rob the Pit Stop. This similarity makes it more probable that appellant intended to assist the suspect in the robbery of the Fast Stop, since appellant was apprehended in the car, and the car fit the description given by the robbery witness at the Fast Stop. Under the second prong of rule 404(b), there is probative value to Garcia's and Thompson's testimony. *See Hartsfield*, 305 S.W.3d at 871.

In support of his argument that this extraneous offense causes unfair prejudice under the second factor of rule 403, appellant cites *Gilbert v. State*, where the defendant was convicted of aggravated robbery with a deadly weapon in Fort Worth. *See* 808 S.W.2d 467, 467 (Tex. Crim. App. 1991) (en banc). In *Gilbert*, the State elicited testimony from a police officer that defendant was under indictment for a separate robbery and shooting of a police officer in Arlington. *Id.* at 469. The trial court overruled defense counsel's objection to the officer's testimony regarding the extraneous offenses. *Id.* The Texas Court of Criminal Appeals reversed the conviction, concluding the extraneous offenses revealed by the officer were "irrelevant" and "highly prejudicial." *Id.* at 470.

*Gilbert* is distinguishable from the present case. *Gilbert* involved another identifiable codefendant who was in fact convicted of the extraneous offense, which was committed nearly two months prior. *See id.* at 469. In the present case, there was no identifiable codefendant. Moreover, the two incidents occurred minutes apart.

9

Therefore, Garcia's testimony of what occurred at the Pit Stop cannot be said to be "highly prejudicial," or be "substantially outweighed" by potential prejudice because whatever occurred at the Pit Stop could logically and inferentially be connected by proximity, similar appearances, and elapsed time. *See id.* at 472 (quoting *Gilbert v. State*, 781 S.W.2d 296, 299 (Tex. App.—Fort Worth 1988), *aff'd*, 808 S.W.2d 467 (Tex. Crim. App. 1991) (en banc)).

Appellant also cites *Castillo*, where this Court reversed a robbery conviction, holding that the State did not need the disputed evidence to prove appellant's identity, knowledge, or intent to deprive the victim of property. *See* 865 S.W.2d 89, 93 (Tex. App.—Corpus Christi 1993, no pet.). The disputed evidence consisted of a crime appellant allegedly committed when he attacked and robbed someone in a bar the same evening the victim's watch was stolen. *See id.* at 91–92. There, we stressed that the State did not need the disputed evidence in that case. *See id.* at 93. This Court stated its rationale as follows:

> The arresting officer identified appellant in open court as the man he arrested and as the person who had discarded the watch while fleeing. The victim identified appellant as the man who held the gun while another man took his watch. A second witness identified appellant as the man who approached him and who offered to sell the watch for $7.00. Any trier of fact could readily infer intent to deprive from the taking and the attempted sale of the watch.

*Id.*

Other courts have found prejudice when extraneous offense evidence has (1) shown that the extraneous offense occurred approximately a month after the crime at issue; (2) the time needed to develop the evidence took up more than a third of the trial and included fifteen witnesses and seventeen exhibits, and (3) intent was not disputed at

10

trial, and the extraneous evidence was unnecessary. *Compare Jackson v. State*, 320 S.W.3d 873, 885–86 (Tex. App.—Texarkana 2010, pet. ref'd) (extraneous evidence was not admissible when intent was undisputed, evidence contributed greatly to the size of the record, and it was deemed unnecessary) *with Johnson v. State*, 6 S.W.3d 709, 711, 712 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd) (extraneous offense occurred within two days of charged offense, intent was disputed at trial, and the evidence was not a large part of the record, rendering it admissible); *see Erazo*, 144 S.W.3d at 489.

In the present case, (1) the extraneous offense occurred minutes before the charged offense, (2) the testimony at issue consisted of two witnesses out of fourteen presented by the State, totaling fifteen pages in an eleven volume record, and (3) intent was disputed at trial. Because "the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice," Garcia's and Thompson's testimony satisfies the second prong of rule 404(b). *See Hartsfield*, 305 S.W.3d at 871, 873.

Additionally, Garcia's and Thompson's testimony was needed by the State to establish that a witness at the scene of the Pit Stop believed she was being robbed by a suspect that looked similar to the suspected robber at the Fast Stop. The only other evidence that establishes an event took place at the Pit Stop is the fact that Officer Cerny received a call from the Pit Stop at 11:05 p.m. that evening, where he was subsequently rerouted to the Fast Stop. If this testimony is ruled inadmissible, then the photograph obtained by Officer Thompson could not be authenticated by Garcia, and the jury would not know the physical description of whoever pulled at the Pit Stop's locked door that night. It could then not match the description in the photo to Matthew Davis' description

11

of the suspect at the Fast Stop, which led to Officer Cerny's chase and detention of appellant who drove a distinctive vehicle containing a gun, matching ammunition, cash, and items of clothing. This timeline of events allowed the jury to infer that there was a logical connection between events at the Pit Stop and Fast Stop, which would establish greater probability that appellant facilitated a robbery, if not both robberies. *See* TEX. R. EVID. 401; *Layton*, 280 S.W.3d at 240 (citing *Moreno*, 858 S.W.2d at 463, 465); *Allen*, 249 S.W.3d at 703.

Our sister courts of appeals have affirmed convictions with similar facts. *See, e.g., Johnson,* 6 S.W.3d at 712 (testimony of clerk from second convenience store that was robbed by defendant's accomplices, concerning defendant's participation in that robbery, was relevant to material issue of whether defendant was an intentional and willing party to crime of aggravated robbery); *see also Flores v. State*, No. 01-05-01016-CR, 2007 WL 2332516, at *5–7 (Tex. App.—Houston [1st Dist.] Aug. 16, 2007, pet. ref'd) (mem. op., not designated for publication) (extraneous offense helped explain why the police became involved in the case that led to the investigation of the underlying facts and how the police ultimately arrested appellant for robbery). Garcia's and Thompson's testimony was admissible because "(1) the offense is relevant to a material issue in the case, other than the issue of the defendant's character; and (2) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice." *Hartsfield*, 305 S.W.3d at 871.

We conclude that, for the above reasons, the trial court did not abuse its discretion in admitting the challenged extraneous offense evidence.  *See De La Paz*, 279 S.W.3d at 343.  We overrule appellant's sole issue.

### III.    CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES<br>
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
14th day of July, 2016.